IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMEND A. TRNAVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20 C 0928 |
| v. | ) |
| | ) Judge Sharon Coleman |
| CHICAGO CUT STEAKHOUSE, LLC, | ) |
| | ) Magistrate Judge Maria Valdez |
| Defendant. | ) |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO PARTIALLY DISMISS
COUNTS I-III OF THE COMPLAINT AND FOR A MORE DEFINITE STATEMENT
<u>AS TO COUNTS I AND II</u>**

Plaintiff's short and barebones response does not overcome the fact that his religious harassment claims in Counts I and II and his common law retaliatory discharge claim in Count III should be dismissed. Plaintiff agreed to dismiss his common law retaliatory discharge claim, but seeks leave to amend his Complaint to add a retaliation claim under "appropriate federal and state civil rights statutes" without identifying what they are. To the extent that Plaintiff seeks to add retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII") and/or the Illinois Human Rights Act ("IHRA"), he cannot because he did not allege retaliation in his Charge of Discrimination (the "Charge"). Plaintiff likely knew this, which is why he filed a common law retaliatory discharge claim instead. Even if retaliation was included in his Charge, any amendment would be futile because he would not be filing the statutory retaliation claim within ninety (90) days of his receipt of the EEOC's Notice of Dismiss and Right-to-Sue, as is required by Title VII.

Plaintiff's only argument that his religious harassment claim is not beyond the scope of his Charge is that harassment is a form of discrimination and, by asserting religious discrimination in the Charge, the Court should infer that the Charge also included religious

harassment. Plaintiff's argument is not supported by any legal authority and is contrary to the conclusions of a number of courts holding that allegations of discrimination do not encompass harassment.

Finally, Plaintiff did not respond to Defendant's request for a more definite statement as to whether Counts I and II are for discrimination or harassment or both. Therefore, Plaintiff conceded Defendant's argument and the Court should order Plaintiff to provide a more definite statement.

Accordingly, Plaintiff's religious harassment claims in Counts I and II should be dismissed with prejudice, his common law retaliatory discharge claim in Count III should be dismissed with prejudice and Plaintiff should not be allowed to amend his Complaint to assert "appropriate federal and state civil rights statutes."

I. **PLAINTIFF HAS NOT SHOWN THAT HE CAN BRING CLAIMS OF RELIGIOUS HARASSMENT**

Plaintiff does not dispute that he failed to allege religious harassment in his Charge. Plaintiff devotes only three sentences in his Response arguing that his religious harassment claim should be inferred in his Charge because the Charge alleged religious discrimination, and discrimination is a form of harassment. Pl. Resp. at ¶ 8.[1] Plaintiff cites in a footnote to the EEOC's website generally explaining what is harassment, but he does not provide legal authority for this argument. Courts have rejected Plaintiff's argument. *See Risk v. Ford Motor Co.*, 1999 U.S. Dist. LEXIS 9111, at *30-31, Case No. IP 98-0698, (S.D. Ind. June 9, 1999) (finding "…claims of sexual harassment cannot be inferred from an EEOC charge of sexual discrimination simply because both theories pertain to discrimination") (attached as Ex. 1).

---

[1] Plaintiff requested leave to amend his Complaint to provide "additional facts and evidence" relating to his religious harassment claim. However, an amendment would be futile because Plaintiff did not assert religious harassment in his EEOC Charge.

Additionally, Plaintiff's Response ignores the long line of court decisions cited in Defendant's Memorandum of Law finding that claims of harassment brought in a lawsuit were outside the scope of an EEOC Charge that only alleged discrimination. *See* Dkt. 17 at p. 7. Plaintiff ignored these decisions because they show that his religious harassment claim must be dismissed. In fact, Plaintiff cites *Cheek v. Peabody Coal Co.*, 97 F.3d 200 (7th Cir. 1996), for the standard to determine whether claims in a lawsuit were beyond the scope of an EEOC Charge. Pl. Resp. at ¶ 7. *Cheek* actually supports Defendant's argument because it held that a claim asserting sexual harassment was beyond the scope of an EEOC Charge that alleged sex discrimination. 97 F.3d at 2020. This is why Defendant relied on this decision in its Memorandum of Law.

Plaintiff did not provide any factual or legal basis that his religious harassment claims can be asserted in the Complaint; therefore, the religious harassment claims in Counts I and II must be dismissed with prejudice.

## II. PLAINTIFF CANNOT AMEND THE COMPLAINT TO ADD STATUTORY RETALIATORY DISCHARGE CLAIMS

Plaintiff acknowledges that he cannot assert a common law retaliatory discharge claim and has agreed to dismiss it. Plaintiff's Response vaguely requests from the Court leave to amend the Complaint so he could "allege retaliation under appropriate civil rights statutes," but he does not identify the statutes. Pl. Resp. at ¶ 6. The Complaint contains claims under Title VII and IHRA; therefore, the "civil rights statutes" referred to by Plaintiff could be under either Title VII or the IHRA, or both.

Plaintiff cannot amend his Complaint to add a retaliatory discharge claim under either statute because he did not allege retaliation in his Charge. *See* Dkt. 17 at Ex. 1. As Defendant explained in its Memorandum of Law, a charge of discrimination is the administrative pre-

3

requisite for filing a lawsuit. Plaintiff's Charge states that he was discriminated because of his race, sex, religion and national origin, and harassed because of his national origin, but he did not identify "retaliation" by either checking the appropriate box or providing facts in the body of the Charge stating that he suffered retaliation. Plaintiff argues that, although he did not identify "retaliation" as a basis for his Charge, the body of the Charge alleges retaliation. It does not. In the Charge, Plaintiff provides his hire date, his position, the factual basis for certain discrimination and harassment allegations, alleges that he complained and provides the date of his discharge. These are not allegations of retaliation, nor could they be inferred as such. At most, Plaintiff argues that because he simply provided the date of his discharge that must mean that he alleged retaliation. However, Plaintiff also provided other factual information relating to his employment, such as his hire date and his position. Nowhere in the Charge does Plaintiff allege that he was unlawfully discharged for engaging in protected activity. What is more? The final paragraph of the Charge specifically identifies all of the bases for which Plaintiff believes he was discriminated and harassed. It states, "I believe I have been discriminated against because of my national origin, Kosovo, race, White, sex, male, and religion, Muslim, in violation of [Title VII']." Dkt. 17 at Ex. 1. Once again, he does not allege retaliation. Plaintiff had three opportunities to allege retaliation in his Charge, but he never did. Plaintiff asks this Court to excuse his legal obligations because he was *pro se* when he filed the Charge.[2] While *pro se* parties are provided some leeway in drafting charges of discrimination, the claim in a complaint must be: (1) like or reasonably related to the allegations in the charge of discrimination *and* (2) reasonably expected to grow out of an EEOC investigation. *Cheek*, 31 F.3d at 500-501. As

---

[2] Plaintiff also alleges without support that EEOC did not perform an investigation. While the substance of an investigation is not relevant as to whether Plaintiff's Charge alleged retaliation and outside the pleadings, the EEOC did interview Plaintiff and Defendant submitted a position statement in response to the Charge.

4

explained above, Plaintiff only alleges discrimination and harassment. Other than stating he was discharged; Plaintiff does not allege his discharge was in retaliation for his alleged complaints.

Even if the allegations in the Charge could have encompassed retaliation, Plaintiff was required to bring a retaliation claim within ninety (90) days of the date that he received the Notice of Dismissal and Right-to-Sue (the "Right-to-Sue"). Plaintiff received the Right-to-Sue on November 11, 2019. Compl. ¶ 11. Plaintiff was required to bring a retaliation claim under Title VII and/or the IHRA by February 9, 2020, which was the 90th day after he received the Right-to-Sue. *See* 42 U.S.C. §2000-e(5)(f)(1). If Plaintiff truly believed that his Charge encompassed retaliation, he would have brought a retaliation claim when he filed his Complaint on February 9, 2020.[3] He did not; therefore, Plaintiff cannot amend his Complaint to add retaliation claims under Title VII and/or the IHRA now.

Accordingly, to the extent Plaintiff is requesting to amend the Complaint to add a retaliation claim under Title VII or the IHRA (or both), Plaintiff's request should be denied.

### III. PLAINTIFF DID NOT RESPOND TO DEFENDANTS REQUEST FOR A MORE DEFINITE STATEMENT

Defendant's Motion to Dismiss requested that the Court order Plaintiff to provide a more definite statement as to whether Counts I and II allege discrimination and/or harassment based on his national origin and religion.[4] Plaintiff did not respond to this portion of Defendant's Motion; therefore, he waived any objection to this request.

---

[3] Plaintiff was represented by counsel when he filed the Complaint.

[4] One of the bases for Defendant's Motion to Dismiss is that the religious harassment claim is beyond the scope of Plaintiff's EEOC Charge. In the event this claim is not dismissed, Plaintiff should provide a more definite statement on these allegations as well.

WHEREFORE, Chicago Cut Steakhouse, LLC respectfully requests that the Court grant its Motion by: (1) dismissing Plaintiff's religious harassment claims from Counts I and II with prejudice; (2) dismissing Count III as agreed to by Plaintiff with prejudice; (3) denying Plaintiff's request to amend his Complaint to add unknown statutory retaliation claims and to allege further facts to support a religious harassment claim; (4) ordering him to provide a more definite statement with respect to his national origin harassment and national origin and religious and discrimination claims in Counts I and II; and (5) awarding any other relief as the Court deems proper.

Dated: September 25, 2020

Respectfully submitted,

CHICAGO CUT STEAKHOUSE, LLC

By:   /s/ Antonio Caldarone
       One of Its Attorneys

Antonio Caldarone
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
acaldarone@lanermuchin.com

**CERTIFICATE OF SERVICE**

I, Antonio Caldarone, an attorney, hereby certify that on September 25, 2020, I caused to be served a copy of the foregoing **Defendant's Reply in Support of Its Motion to Partially Dismiss Counts I-III and for a More Definite Statement as to Counts I and II**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record by operation of the Court's CM/ECF electronic filing system, addressed to:

>Allison K. Muth
>Law Offices of Holstein & Muth
>130 North Garland Court, Suite 1906
>Chicago, Illinois 60602
>allison.muth.law@gmail.com

>/s/ Antonio Caldarone