IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| ARMEND A.TRNAVA, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 20 CV 928 |
| CHICAGO CUT STEAKHOUSE, LLC, an Illinois | ) |
| Limited Liability Company, | ) |
| | ) |
| CHICAGO RESTAURANT MANAGEMENT, | ) |
| LLC; an Illinois Limited Liability Company; | ) |
| | ) |
| THE LOCAL LLC, an Illinois Limited Liability | ) |
| Company, d/b/a SOUTHERN CUT | ) |
| BARBECUE, | ) |
| | ) |
| DAVID FLOM, individually and as Managing | ) |
| Partner of CHICAGO RESTAURANT | ) |
| MANAGEMENT, LLC | ) |
| | ) |
| MICHAEL MOORE, individually and as | ) |
| Managing partner of CHICAGO | ) |
| RESTAURANT MANAGEMENT GROUP | ) |
| | ) |
| Defendants. | ) |

## AMENDED COMPLAINT

### Introduction

With all due respect to this Honorable Court, the Plaintiff submits this Amended Complaint, subject to relief from this Court's prior order on the Defendant's Motion to Dismiss pursuant to 12(b)(6), in which previously dismissed with prejudice, portions of Plaintiff's Count I

1

of his original complaint, specifically in regard to the Plaintiff's claims of religious harassment. Subsequent to her ruling on the Defendant's Motion to Dismiss, the Plaintiff has discovered newly found evidence, as Plaintiff's counsel has obtained the entire EEOC file for this matter since the filing of his original complaint, and the Defendant's Motion to Dismiss. Therefore, Plaintiff is filing along and/or shortly thereafter, a FRCP 60(b) motion, based on newly discovered evidence. The plaintiff has attached the entire EEOC file as an exhibit to this Amended Complaint, as "Group Exhibit A."

**PARTIES TO THIS COMPLAINT**

**A. The Plaintiff**

1. The Plaintiff, ARMEND TRNAVA, is a 36 year old male, Armend Trnava, a resident of Chicago, Illinois.

2. The plaintiff was born and raised in the eastern European country of Kosovo, a country in which 95 percent of the population are practicing members of the Muslim faith. [1]

3. Mr. Trnava speaks and writes five different languages fluently. Although he is fluent in English, he speaks with a thick foreign accent, and his pronunciation, grammar and spelling are at not perfected.

4. The EEOC, during its investigation, determined he did not need an interpreter.

5. Armend Trnava is a practicing Muslim.

---

[1] 2019 Report on International Religious Freedom: Kosovo. Office of International Religious Freedom, U.S. Department of State. Kosovo - United States Department of State, https://www.state.gov/reports/2019-report-on-international-religious-freedom/kosovo/ (accessed May 24, 2021).

6. The plaintiff is a former employee of the defendants. He was employed for a period of approximately six months by the Defendants beginning in March of 2018 and was terminated in September of 2018.

**B. The Defendants**

7. The Defendant, CHICAGO CUT STEAKHOUSE, LLC, is an Illinois Limited Liability Company based out of Chicago, Illinois. It operates as high-end restaurant (steakhouse) in Chicago and has more than 15 employees.

8. The defendant, CHICAGO CUT STEAKHOUSE, LLC employed the plaintiff from March of 2018 to September of 2018 as a general manager of the restaurant.

9. The Defendant, CHICAGO RESTAURANT MANAGEMENT GROUP, LLC is the Registered management group of the Defendant, CHICAGO CUT STEAKHOUSE, LLC.

10. Defendant THE LOCAL, LLC is an Illinois limited liability company doing business as SOUTHERN CUT BARBECUE, a restaurant located in Chicago, Illinois. The plaintiff was initially hired by SOUTHERN CUT BARBECUE on or about March 9, 2021 as general manager. However, he began his training at the Defendant's sister restaurant, CHICAGO CUT STEAKHOUSE, with a promise to be transferred to SOUTHERN CUT BARBECUE as the general manager within 2-3 weeks. He was not transferred until approximately 2-3 months, where he remained for approximately two months and then he was transferred once again back to CHICAGO CUT STEAKHOUSE. Both restaurants are owned and managed by the managing group, CHICAGO RESTAURANT MANAGEMENT GROUP,LLC, with the active managing partners, DAVID FLOM and MICHAEL MOORE. While employed by the Defendant, The plaintiff experienced discrimination and

disparate and harassing treatment while working at both the restaurants from March 2018 to October 19, 2018 when he was terminated by the Defendants after multiple reports of discrimination and harassment.

11. Defendant, DAVID FLOM, is the registered manager and investor of CHICAGO RESTAURANT MANAGEMENT, LLC. At all times herein, he was an active participant and managing partner of CHICAGO CUT STEAKHOUSE, LLC, THE LOCAL, LLC (d.b.a "SOUTHERN CUT BARBECUE", and CHICAGO RESTAURANT MANAGEMENT GROUP, LLC. He was in charge of hiring and firing and supervising management at both SOUTHERN CUT BARBECUE and CHICAGO CUT STEAKHOUSE, and the Plaintiff at all times herein reported to DAVID FLOM, including that of the discriminatory and harassing conduct described herein.

12. Defendant, MICHAEL MOORE, is the registered manager and investor of CHICAGO RESTAURANT MANAGEMENT, LLC. At all times herein, he was an active participant and managing partner of CHICAGO CUT STEAKHOUSE, LLC, THE LOCAL, LLC (d.b.a. "SOUTHERN CUT BARBECUE"), and CHICAGO RESTAURANT MANAGEMENT GROUP, LLC. He was in charge of hiring and firing and supervision of management, and he hired and fired the Plaintiff at SOUTHERN CUT BARBECUE and CHICAGO CUT STEAKHOUSE., The Plaintiff at all times herein reported to MICHAEL MOORE, including that of the discriminatory and harassing conduct described herein.

**JURISDICTION**

13. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000-e *et seq* for discrimination based on national origin and religion.

14. Jurisdiction is based on Federal question pursuant to 28 U.S.C. § 1331.

15. Venue is proper pursuant to 28 U.S.C. § 1391(B), as at all times herein both the Plaintiff and Defendants reside or resided in this district and that all events given rise to Plaintiff's claim herein occurred within this district.

**EXAUSTION OF ADMINISTRATIVE REMEDIES**

16. The plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), regarding the defendant's alleged discriminatory conduct on February 17, 2019, Charge No. 440-2019-02760.

17. On November 11, 2019 the plaintiff received a dismissal and Right to Sue notice from the EEOC given 90 days to file a lawsuit with this Court. The dismissal was a non-decision as to the allegations of facts, circumstances, law or remedy. Instead, the EEOC did what was what is often done during the prior Presidential Administration given our then national policy as to Muslim nations, e.g. the travel ban issued by President Trump in 2017.

18. The EEOC had no findings in this matter as to any party.

19. Plaintiff has exhausted all administrative remedies.

20. Additionally, on April 20, 2021, after numerous FOIA request and subpoena, Plaintiff's counsel received the entire EEOC file for this matter. A copy of which is attached as herein as "Group Exhibit A."

5

**FACTUAL ALLEGATIONS**

21. Plaintiff, Armend Trnava, is an Islamic Muslim with national origin from that of the Eastern European country of Kosovo. According to the most recent official census in 2011, 95.6 percent of the population is Muslim.[2] Mr. Trnava became a U.S. Citizen in 2018, during the period he was employed at the defendants' restaurants as a general manager.

22. The Plaintiff is an experienced professional in the restaurant industry both here in the United States and in Kosovo.

23. The Defendants' restaurants employ over 200 staff members, and grosses over $15 million per year. The restaurants are divided into the dining room and kitchen operations. Restaurant managers are responsible for the front of the house, supervising servers, bussers, hosts and bartenders, and for interacting with guests to ensure a superb dining experience. Success in the restaurant industry is based, in part, in maintaining good relationships with guests to obtain repeat business and for guests to make positive recommendations to others. They are both managed by the Chief Operating Officers of Chicago Cut Steakhouse and Southern Cut Barbecue, Matthew Moore and David Flom.

24. On or about March 9, 2018, the Plaintiff was offered the position of General Manager of the Chicago Cut Steakhouse, located in Chicago, Illinois by Its managing partners, David Flom (Male, White, Presbyterian, U.S. citizen), and Michael Moore (Male, white, Catholic, Ireland). Flom and Moore run the day-to-day operations of the

---

[2] Id.

restaurant, including hiring, firing and supervising managers. He was given a formal offer in writing for the position with a starting salary of $70,000, plus bonuses per year.

25. The position was also contingent upon his demonstrating his permission to work as a non-citizen. At that time, he had a permanent green card, and his application for U.S. citizenship was pending before the United States Citizenship and Immigration Services.

26. As part of the offer, the defendants informed Mr. Trnava that he would begin his employment at the Defendants' sister restaurant, Chicago Cut Steakhouse, also located in Chicago, Illinois, for approximately 2-3weeks for training and then he would be transferred to Southern Cut Barbecue as its General Manager. Trnava accepted the offer for the position and began employment as front of house manager with Chicago Cut Steakhouse on or about March 9, 2018.

27. Despite the terms of the offer of employment, Mr. Trnava was only paid $60,000.00 per year, $10,000.00 less than the agreed upon salary. He also was delegated to remain at Chicago Cut Steakhouse for 2-3 months, rather than the 2-3 weeks as promised, and then after approximately 2-3 months, he was transferred back to Chicago Cut Steakhouse for the remainder of the time in which he was employed.

28. That beginning on the first week of his employment while working at Chicago Cut Steakhouse, a group of employees ganged up on Mr. Trnava and began harassing him, calling him racial slurs, and making jokes about his accent, national origin, both of sexual and religious nature.

29. That on numerous occasions thereafter, the staff members of both Chicago Cut Steakhouse and Southern Cut Barbecue, who were subordinates to the Plaintiff in which

the Plaintiff was employed to manage, continuously carried out with discriminatory and harassing conduct, primarily based on the plaintiff's national origin, that being from Kosovo. They would constantly call him names, and say things to him like, "stinky European," and "Eastern Europeans have small penises," and make fun of his accent, his immigration status, and make other derogatory sexual comments and gestures about him based on his national origin. They would also laugh at him about his accent, his being a Muslim, and became completely insubordinate to his orders as manager. See Group Ex. "A".

30. The comments and gestures were unwelcomed and humiliating to the Plaintiff. When the plaintiff would address the issue with the staff members and ask them to stop, he would be even more humiliated, as they would laugh at him and make the conduct worse. The unwelcomed comments and gestures were not just an infrequent utterances or epithets. The conduct was so frequent that it would occur on a daily basis, and humiliated the Plaintiff, as the Plaintiff was trying to run the front of the house of the restaurant as its general manager. As a result, the staff he was managing would not take him seriously or follow his commands, and there were incidences in which the staff would say these comments to him in front of guests of the restaurant. The staff continued to constantly undermine the plaintiff, thereby interfering with ability to perform his job as manager of the restaurants productively and made the environment unbearable for the Plaintiff, causing extreme distress for the Plaintiff.

31. The Plaintiff made numerous reports and complaints, both verbally and in writing, to the restaurants' managing partners, David Flom and Michael Moore, regarding the

harassing and discriminatory conduct, insubordination, intimidation, and directed vulgar acts towards him by members of the staff. The managing partners refused to address the behaviors and made no attempts to remedy the situation. Therefore, the discrimination and harassment continued on a near daily basis from March 2018 to September 14, 2018 when he was terminated.

32. Not only did the employees harass and discriminate against the Plaintiff based on his national origin, but the managing partners also acted with blatant intentional discrimination and hostile conduct towards the Plaintiff. They too would make fun of his national origin and use derogatory and abusive language toward him that they did not use towards those who were from the United states. For example, on August 14, 2021, the Plaintff was to be sworn in as U.S. citizen. Prior to that date, The Plaintiff informed Mr. Moore that he may be late to work on August 14, 2021 due to the swearing in ceremony. Mr. Moore replied to him, simply, "Fuck you."

33. The managing partners, having knowledge of the illegal discrimination and harassment endured by the plaintiff, intentionally and blatantly disregarded addressing the staff or to make any remedy the issue despite the numerous complaints the plaintiff made to them. Further, instead of remedying or addressing the situation, the managing partners, took on an active role of creating a false, non-discriminatory reasons to have Mr. Trnava terminated. On information and belief, the managing partners forced at least one other manager to write up a fake misconduct reports of that of Mr. Trnava, with all knowledge that it was false.

34. On information and belief, the defendants, knowing of the illegality of their conduct and the conduct of its employees, created pretextual allegations of wrongful conduct by the plaintiff with intention of creating false complaints of unprofessionalism. The purpose of which was to create a non-discriminatory reason for his termination.

35. That similarly situated employees who were not known to be Muslim nor from Kosovo were retained as employees and did not suffer harassment.

## CAUSES OF ACTION

### COUNT 1-VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

36. Plaintiff realleges and repleads paragraphs 1-35 as fully pleaded herein.

37. Plaintiff is in a protected class, as he is genetically a part of an ethnically and native country of origin of a distinctive group, that being from the country of Kosovo.

38. The plaintiff was denied an equal employment opportunity because of his country of origin; and because he has the physical, cultural, or characteristics of a Kosovo national origin group.

39. The plaintiff was denied equal opportunity because of his religious practices and Islamic beliefs, and the extreme prejudice of its owners, managers, and employees.

40. Defendant is a covered employer under 42 U.S.C. § 2000e(b) as it is a limited liability company is a "person" under the Act, as Chicago Cut Steakhouse, LLC is an employer of at least 15 people for employees for each working day for 20 or more calendar weeks in the current or preceding calendar year.

41. Subjecting the Plainitff to the inappropriate and unwelcome comments and gestures and insubordination relating to his sex and Kosovan national origin created a hostile work environment, by which the terms and conditions of employment different for members of a protected class and similarly situated member who were not members of a protected class. Defendant's failure to correct the behavior of their staff amounted to a condonation, ratification, approval, and perpetuation of the hostile work environment and thus subjecting the Plaintiff to employment discrimination.

42. By creating, condoning, a perpetuating a hostile work environment based on Mr. Trnava's national origin, Defendant has intentionally and with reckless indifferences and disregard violated Title VII of the Civil Rights Act of 1991.

43. Defendant's condonation, ratification, approval and perpetuation of the hostile work environment caused the plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

44. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

45. Following the time that Plaintiff openly and in writing, complained of being discriminated against on the basis of national origin and religion and subject to sexual and national origin based harassment, Defendant terminated the plaintiff's employment on October 19, 2018.

46. By retaliating against Plaintiff, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

47. As a direct and proximate result of the wrongful conduct of the defendant, the plaintiff has suffered loss of income, severe humiliation, embarrassment, degradation, emotional distress and mental anguish, attorneys' fees, loss of enjoyment of life, pain, suffering and injury to his professional reputation, as well as other non-pecuniary damages.

**COUNT II-HOSTILE WORK ENVIORMENT-NATIONAL ORIGIN BASED DISCRIMINATION**

48. Plaintiff realleges and repleads Paragraphs 1-47 as though fully set forth herein.

49. The inappropriate and unwelcome comments and gestures toward the plaintiff relating to his national origin, created a hostile work environment by which the terms and conditions of employment different for members of a protected class and similarly situated members who were not of a protected class. Defendant's failure to correct the discriminatory and harassing behavior amounted to a condonation, ratification, approval, and perpetuation of the hostile work environment.

50. By creating, condoning, a perpetuating a hostile work environment based on Mr. Trnava's national origin, Defendant has intentionally and with reckless indifferences and disregard violated Title VII of the Civil Rights Act of 1991.

51. Defendant's condonation, ratification, approval and perpetuation of the hostile work environment caused the plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

52. As a result of the continuous intentional harassment based of national origin received by the plaintiff, and the defendant's refusal to take any action to prevent or control it, was so severe and pervasive as to alter the conditions of his employment and create an abusive working environment.

53. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**COUNT III-HOLSTILE WORK ENVIRONMENT- RELIGIOUS BASED DISCRIMINATION**

54. Plaintiff realleges and repleads Paragraphs 1-53 as though fully set forth herein.

55. The inappropriate and unwelcome comments and gestures toward the plaintiff relating to his religion, Muslim, created a hostile work environment by which the terms and conditions of employment different for members of a protected class and similarly situated members who were not of a protected class. Defendant's failure to correct the discriminatory and harassing behavior amounted to a condonation, ratification, approval, and perpetuation of the hostile work environment.

56. By creating, condoning, a perpetuating a hostile work environment based on Mr. Trnava's religion, Defendant has intentionally and with reckless indifferences and disregard violated Title VII of the Civil Rights Act of 1991.

57. Defendant's condonation, ratification, approval and perpetuation of the hostile work environment caused the plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

58. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**COUNT IV- RETALIATION-TITLE VII**

59. Plaintiff realleges and repleads Paragraphs 1-58 as though fully set forth herein.

60. Following the time that the Plaintiffs openly complained of being discriminated against on the basis of religion and national origin, his employment was terminated by the Defendant.

61. By retaliating against Plaintiff, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

62. Defendant's condonation, ratification, approval and perpetuation of the retaliatory conduct toward the plaintiff caused him to suffer humiliation, embarrassment, degradation and emotional distress.

63. As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also

suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, the plaintiff respectfully requests the following relief from this Honorable Court:

a. Enter a declaratory judgment that the practices of herein are unlawful and violative of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

b. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Compensate and make Plaintiff whole for all earnings wages, including prejudgment interest and other benefits that he would have received but for the national—origin based hostile practices of the Defendant;

d. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

e. Award Plaintiff punitive damages for Defendant's willful conduct;

f. and pursuant to FRCP 60(b), grant the Plaintiff relief from this Court's prior ruling on the issue of religious harassment, due to the evidence provided in the Plaintiff's EEOC file; and

6. Grant any other relief as may be just and proper

PLAINTIFF DEMANDS A TRIAL BY JURY

        Respectfully Submitted

        /s/ Allison K. Muth
        _____

Allison K. Muth
Robert A.Holstein                    Attorney for Plaintiff
Holstein & Muth, LLC
130 N. Garland Court, Suite 1906
Chciago. Illinois 60602
Allison.muth.law@gmail.com
(708) 205-1869
ARDC No: 6318105