UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMEND TRNAVA, | ) |
|     Plaintiff, | ) |
| | ) Case No: 20 CV 928 |
|     v. | ) Honorable Judge Coleman |
| | ) |
| CHICAGO CUT STEAKHOUSE, LLC, | ) |
| | ) |
|     Defendant. | ) |

**PLAINTIFF'S MOTION PURSUANT TO FRCP RULE 60(B)et seq re COURT'S RULING OF JANUARY 16, 2021**

NOW COMES, Plaintiff, ARMEND TRNAVA, by and through his attorneys, ALLISON K. , MUTH and ROBERT A. HOSLTEIN of HOLSTEIN & MUTH, LLC, and pursuant to Federal Rules of Procedure 60(b)(6), respectfully moves this Honorable Court to reconsider its prior ruling on January 16, 2021, which as a result of Defendants filed 12(b)(6) motion to partially dismiss Count I (religious harassment) of his original complaint at law.  In support thereof, the plaintiff states as follows:

    1.) That on January 16, 2021, this Honorable Court issued an memorandum and order dismissing with prejudice part of  Plaintiffs' Count I under a claim under Title VII for religious harassment.

    a.) This Honorable court's order of January 16, 2021 states as follows:

"Since plaintiff only alleged religious discrimination and not religious harassment, the question then becomes whether the failure to explicitly allege religious harassment is dispositive. A plaintiff "may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC

1

complaint." Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996). Allegations are within the EEOC complaint's scope if they are "like or reasonably related" to the charges in the EEOC complaint, meaning that there is a "factual relationship" between the allegation and the charges. Id. A factual relationship exists if the allegation and EEOC charges describe the same conduct from the same individuals. "

b.) "Plaintiff's religious harassment could withstand dismissal if the conduct and circumstances underlying religious harassment were the same conduct and circumstances underlying the religious discrimination claim as described in EEOC charge. The Court is mindful that plaintiffs are laypersons when drafting the EEOC complaint and are thus given considerable leniency. Taylor v. Western & S. Life Ins. Co., 966 F.2d 1188, 1195 (7th Cir.1992). While plaintiffs do not need to allege every fact in the EEOC charge, they must allege some facts. Rush v. McDonald's Corp., 966 F.2d 1104, 1111–12 (7th Cir. 1992) (noting the necessity of "some detail" beyond stating "I believe I have been discriminated against because of my race, Black.") The EEOC cannot carry out a thorough investigation and satisfy its duty if there are no facts in the EEOC complaint. Here, plaintiff did not provide factual detail of discriminatory conduct at all in the EEOC complaint – other than, presumably, being paid lower wages. Since plaintiff did not provide facts in the EEOC complaint, the EEOC had little to no direction on the conduct to investigate. See Ex. A page 3-4.

c.) "Unlike plaintiff's EEOC complaint, this Complaint contains limited factual detail describing the alleged harassment and discrimination. However, the factual detail contained in this Complaint has no bearing on whether allegations are within the scope of the EEOC complaint – only the facts contained in the EEOC complaint are controlling. Since plaintiff's EEOC complaint is devoid of facts, there is no factual relationship to compare and the court cannot determine that plaintiff's religious harassment claim is like or reasonably related to plaintiff's religious discrimination claim. The court must dismiss plaintiff's religious harassment claim as beyond the scope of the EEOC complaint. To hold otherwise would require the EEOC to endlessly investigate potential wrongdoing and open the floodgates of baseless complaints. Since plaintiff cannot amend his EEOC complaint, an amendment to this Complaint would be futile because any religious harassment complaint would be beyond the scope of the EEOC complaint. See O'Boyle v. Real Time Resolutions, Inc., 910 F.3d 338, 347 (7th Cir. 2018) (stating that courts normally allow leave to amend unless the amendment would be "futile or otherwise unwarranted.") Accordingly, the religious harassment claim under Title VII of the Civil Rights Act is dismissed with prejudice." *Id*. At 4.

See Ex. A, Court Memorandum and Order, Case: 1:20-cv-00928 Document #: 28 Filed: 01/16/21 Page 3 of 7 PageID #:169.

2.) Plaintiff' s counsel in this litigation were not engaged by the plaintiff until after the EEOC issued its right to sue letter, after it determined that it was unable to conclude on the issues presented to it. See Exhibit A to Plaintiff's Amended Complaint.

3.) Subsequent to this Court's order, plaintiff received the entire EEOC file of the plaintiff via a FOIA request, however the produced documents contained many redactions. See Entire EEOC file set forth as an attachment to Plaintiff's amended complaint.) The plaintiff subsequently issued and served on the EEOC a subpoena for the unredacted file. This subpoena has gone unanswered since April of 2021.

4.) Plaintiff, without counsel and pursuant to a scheduled appointment with the EEOC staff, met with a member of the EEOC staff on February 27th 2019. For reasons not stated, someone determined an interpreter was not needed.

5.) The charging document as determined by the EEOC was race, religion, sex, national origin and states that he was hired on or about March, 2018 and subject to harassment and discrimination and complained to no avail. On information and belief, the EEOC filled this form out for him due to his language barrier. See Group Exhibit B.

6.) The Court should note that the EEOC, after considering the plaintiff's allegations and the respondent's response, did not conduct an investigation. Instead, it decided to issue a non-decision letter (Right to Sue). On information and belief this is a common policy of the EEOC field offices throughout the country during President Trump's Muslim ban. See Group Exhibit C.

7.) Although it is true that Mr. Trnava did not specifically state on the charging document that he felt as though he suffered harassment on the basis of his religion, he did indicate this to the EEOC, as shown in their analysis, See Exhibit D.

8.) That Mr. Trnava's religious harassment stemmed from the same facts as his discrimination. Therefore he should be given leave to amend his complaint to set forth as such.

**FRCP Rule 60(b)(6):**

9.) Additionally, Rule 60(b) provides in pertinent part:

> "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." *Runnion ex rel. Runnion v. Girls Scouts of Greater Chi. And Nw. Ind.,* 786 F.3d 510, 521 (7th Cir. 2015).

10.) In other words, a reasonable EEOC investigation would have made the connection between these complaints, Mr. Travna's being Muslim and being harassed for being from a predominately Muslim country, and the hostile environment he suffered and his termination being closely related to the fact of not only his national origin of Kosovo, but his being Muslim as well. See Ex. E.

11.) A Court is to interpret what is properly embraced in review of a title VII claim somewhat broadly, not solely by the scope of the administrative charges self, but by the scope

of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Id*. A court must engage in fact intensive analysis of the statement given by the plaintiff and the administrative charge and look slightly beyond its four corners to its substance rather than its label. See *Runnion,* 786 F.3d 510 at 528.

12.) Therefore, it is necessary to determine whether an EEOC investigation would reasonably have been expected to reach the claims not originally stated in the plaintiffs charge of discrimination. In other words, would have an investigation of the original charges based on national origin have lead to the further investigation of religious harassment and retaliation? Again, the EEOC did not conduct an investigation (i.e. discovery, interrogatories, production request etc.). See Group Exhibit B. Put yet another way, each of the plaintiff's new claims must bear some relation to the claims set forth in his EEOC charging document. Title VII encompasses any kind of discrimination like or related to allegations contained in the EEOC charge. If an asserted claim is not like a related to an allegation contained in the EEOC charge the court lacks subject manager restriction over the claim. Since neither the EEOC nor the parties have conducted discovery, what facts may be determined is yet unknown.

13.) Review of the EEOC file clearly shows that Mr. Trnava has given some factual detail. However, his emails to management demonstrate his substantial language barriers and the entire file demonstrates the EEOC's lack of investigation and discovery. There remains the need for a search for the factual determinations as to what facts may be evidenced as in his claim for religious harassment, that may very well stem from the same facts and allegations that he submitted to the EEOC in his national origin based and religious discrimination claims. Discovery may evidence that his national origin discrimination/harassment claims are

inextricably linked to that of a religious claim for discrimination and harassment. Especially, since 95 percent of those persons from Kosovo are Muslim.[1]

14.) Secondly, English is a second language to Mr. Trnava, and he is a layperson. Therefore, this court should liberally construe the four corners of his EEOC charge, as well as the documents (emails) he furnished to the EEOC. The file that the plaintiffs have submitted clearly indicates some facts to support his allegations of discrimination, retaliation, and harassment. At the time of the submission of the original complaint, plaintiff's counsel did not have access to the file. Subsequent to filing the complaint, counsel for the plaintiff requested the EEOC file vis FOIA and subpoena numerous times. However, due to the delay on behalf of the EEOC (proclaimed to be caused by the COVID-19 pandemic), the Plaintiff and his counsel were unable to obtain the EEOC file until after this Court's ruling of January 16, 2016 on Defendant's Motion to partially dismiss. Therefore, the Court should take notice of the Plaintiff's EEOC file and that of the information that Mr. Trnava provided to the EEOC. The file shows there may be a plausible claim for religious harassment, requiring the need for further discovery, along with his other claims for harassment and discrimination. The Court should allow for the plaintiff to allege a claim for religious harassment in his amended complaint to permit discovery on the facts that may be inextricably linked to his Title VII claims.

15.) Additionally, the EEOC has published multiple guidance documents about the problem of making a distinction of national based origin discrimination and religious

---

[1] 1 2019 Report on International Religious Freedom: Kosovo. Office of International Religious Freedom, U.S. Department of State. Kosovo - United States Department of State, https://www.state.gov/reports/2019-report-on international-religious-freedom/kosovo/ (accessed May 24, 2021).

discrimination in regard to those employees who are or are perceived to be Muslim. See EEOC. Therefore, it is important that the plaintiff be given the opportunity to plead this issue before the Court.

19.) The controlling analysis looks at whether an EEOC complaint and allegations in a lawsuit are "reasonably related" because they "describe the same conduct and implicate the same individuals," or because the hostile work environment claim "could have developed from the EEOC's investigation of the charges before it." *Sommerfield* , 863 F.3d at 648 (citation omitted). The Court should conclude that Plaintiff's EEOC charge of discrimination sets forth factual data, which could show the alleged conduct and names of individuals who may have participated in religious harassment that stems from the same conduct and implicate the same individuals as his national based harassment and hostile work environment claims. Facts given to the EEOC that are related to Plaintiff's discrimination claim, could likely lead to discovery of the alleged conduct underlying a claim of harassment and hostile work environment. See id. ; see also *Van Vliet v. Ill. Dep't of Human Servs*. , No. 17 C 3077, 2018 WL 351727, at 4–5 (N.D. Ill. Jan. 10, 2018) ("[T]he Court concludes that Van Vliet's charges of retaliation and changed employment conditions are reasonably related to the allegations of a hostile work environment in her Complaint, since investigation of the former would likely have led to discovery of the latter."). *Id.* See *Savoy v. BMW of N. Am., LLC*, 313 F.Supp.3d 907 (N.D. Ill. 2018).

20). Accordingly, the same reasoning demonstrates why this Court's order from January 16, 2021, dismissing the Plaintiff's claim for religious harassment with prejudice, should be amended to allow for the Plaintiff's repleading of the same allegations in his filed but yet unanswered amended complaint.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to reconsider its prior ruling which dismissed with prejudice the allegation of religious harassment plead in Count I of the plaintiff's complaint, and instead allow for the Plaintiff to amend his complaint to include the factual allegation of religious. harassment as inclusive in his Title VII claim and/or as a separate count in the amended complaint, and/or any other relief this Court deems just.

                                              Respectfully Submitted,

                                              s/Robert A. Holstein
                                              Robert A. Holstein
                                              One of the attorneys for the Plaintiff

Robert A. Holstein
ARDC NO. 1251600
Holstein & Muth, LLC
130 N. Garland Court Suite 1906
Chicago, Illinois 60602
(312) 906-8000
Hoslteinrobert3@gmail.com