UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMEND A. TRNAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-0928 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CHICAGO CUT STEAKHOUSE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant moves to partially dismiss with prejudice Counts I, II, and III of the complaint. Defendant also moves for a more definite statement on Counts I and II. Defendant does not seek dismissal of Count IV, the breach of contract claim. Defendant's motions are granted in part and denied in part.

**Background**

The Court treats the following facts from Plaintiff Armend Trnava's complaint as true for the purposes of Defendant Chicago Cut's motion to dismiss. Trnava is a 35-year-old Muslim male living in Chicago. Plaintiff was born and raised in Kosovo, but became a United States citizen in 2018. He speaks four languages, including English.

In December 2017, Trnava was hired as a manager by the Chief Operating Officer of defendant Chicago Cut Steakhouse. Trnava's starting salary per a formal written offer was $70,000 per year. Trnava began working as a manager around January 2018, but was only paid $60,000 per year and was sent to work at Southern Cut, Chicago Cut's sister restaurant, for a few months. Trnava complained about the salary discrepancy to the owners of Chicago Cut, Matthew Moore and

1



David Flom. Moore and Flom agreed that Trnava's salary was $70,000, but did not explain to Trnava why he was not paid the full salary.

This case arises out of allegations that Chicago Cut's owners and managers encouraged staff at the Chicago location to harass Trnava on his ethnicity, religion, language, place of national origin, and sexual anatomy. Trnava complained about the harassment to the owners, but the owners did not address Trnava's concern and instead discharged him. On February 17, 2019, Trnava filed a complaint with the Equal Employment Opportunity Commission alleging discriminatory conduct. On November 11, 2019, the EEOC dismissed the complaint and issued Trnava a Right to Sue notice.

**Legal Standard**

When considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Analysis**

**I.     Violation of Title VII of the Civil Rights Act of 1964 (Count I)**

Defendant argues that because discrimination and harassment are separate allegations and plaintiff only alleged religious discrimination in his EEOC complaint, a religious harassment claim is beyond the scope of this complaint. In the EEOC complaint, plaintiff alleged that he was "subjected to national origin-based harassment and sexual harassment" and was "discriminated against because of [his] national origin, Kosovo, race, White, sex, male, and religion, Muslim, in

2

violation of Title VII of the Civil Rights Act." Dkt. 17-1, pg. 2.[1] As defendant notes, plaintiff did not allege religious harassment in the EEOC complaint; plaintiff only alleged religious discrimination.

Since plaintiff only alleged religious discrimination and not religious harassment, the question then becomes whether the failure to explicitly allege religious harassment is dispositive. A plaintiff "may pursue a claim not explicitly included in an EEOC complaint only if her allegations fall within the scope of the charges contained in the EEOC complaint." *Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Allegations are within the EEOC complaint's scope if they are "like or reasonably related" to the charges in the EEOC complaint, meaning that there is a "factual relationship" between the allegation and the charges. *Id.* A factual relationship exists if the allegation and EEOC charges describe the same conduct from the same individuals. *Id.*

Plaintiff's religious harassment could withstand dismissal if the conduct and circumstances underlying religious harassment were the same conduct and circumstances underlying the religious discrimination claim as described in EEOC charge. The Court is mindful that plaintiffs are laypersons when drafting the EEOC complaint and are thus given considerable leniency. *Taylor v. Western & S. Life Ins. Co.,* 966 F.2d 1188, 1195 (7th Cir.1992). While plaintiffs do not need to allege every fact in the EEOC charge, they must allege *some* facts. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111–12 (7th Cir. 1992) (noting the necessity of "some detail" beyond stating "I believe I have been discriminated against because of my race, Black.") The EEOC cannot carry out a thorough investigation and satisfy its duty if there are no facts in the EEOC complaint. Here, plaintiff did not provide factual detail of discriminatory conduct at all in the EEOC complaint – other than,

---

[1] While the EEOC complaint was not attached to the Complaint, the Court may take judicial notice of it because the EEOC complaint is public record. *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012).

3

presumably, being paid lower wages. Since plaintiff did not provide facts in the EEOC complaint, the EEOC had little to no direction on the conduct to investigate.

Unlike plaintiff's EEOC complaint, this Complaint contains limited factual detail describing the alleged harassment and discrimination. However, the factual detail contained in this Complaint has no bearing on whether allegations are within the scope of the EEOC complaint – only the facts contained in the EEOC complaint are controlling. Since plaintiff's EEOC complaint is devoid of facts, there is no factual relationship to compare and the court cannot determine that plaintiff's religious harassment claim is like or reasonably related to plaintiff's religious discrimination claim. The court must dismiss plaintiff's religious harassment claim as beyond the scope of the EEOC complaint. To hold otherwise would require the EEOC to endlessly investigate potential wrongdoing and open the floodgates of baseless complaints. Since plaintiff cannot amend his EEOC complaint, an amendment to this Complaint would be futile because any religious harassment complaint would be beyond the scope of the EEOC complaint. *See O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (stating that courts normally allow leave to amend unless the amendment would be "futile or otherwise unwarranted.") Accordingly, the religious harassment claim under Title VII of the Civil Rights Act is dismissed with prejudice.

## II. Violation of the Illinois Human Rights Act (Count II)

A threshold issue for Count II of the Complaint is whether plaintiff exhausted his administrative remedies. To fulfill the exhaustion requirement for the IHRA claim, Plaintiff must have filed the necessary complaint with the Illinois Department of Human Rights and received a final order from the Illinois Human Rights Commission. Plaintiff's complaint only notes that he filed an EEOC complaint and received a right to sue letter from the EEOC. Nowhere in his complaint does plaintiff even mention his IDHR complaint or whether he received any orders from the IHRC. A right to sue letter from the EEOC cannot serve as a final order from the IHRC.

*Jimenez v. Thompson Steel Co.*, 264 F. Supp. 2d 693, 695 (N.D. Ill. 2003) (Bucklo, J.). Since plaintiff has not alleged exhaustion of administrative remedies for his IHRA claim, the claims in count two other than the religious harassment claim are dismissed without prejudice. *See id.* (dismissing an IHRA claim for failure to allege receipt of a final order from the IHRC).

Even if the administrative remedies were exhausted, plaintiff would not be able to bring a religious harassment claim under the Illinois Human Rights Act for the same reasons as set forth in the analysis of the religious harassment claim under Title VII. *Flores v. Bd. Of Trustees of Cmty. Coll. Dist. No. 508*, 103 F. Supp. 3d 943, 949-50 (N.D. Ill. 2015) (Kim, M. J.) (stating that an aggrieved employee cannot bring claims in federal court that were not included in an EEOC or IDHR charge). Since religious harassment claims are beyond the scope of the EEOC complaint, it is also beyond the scope of the IDHR complaint. If plaintiff seeks to amend the instant complaint to allege exhaustion of administrative remedies, he cannot allege religious harassment under the IHRA. The religious harassment claim under the Illinois Human Rights Act is dismissed with prejudice.

**III.     Retaliatory Discharge (Count III)**

Defendant argues that plaintiff's common law retaliatory discharge claim should be dismissed because it is preempted by the Illinois Human Rights Act. Specifically, defendant argues that the IHRA preempts tort claims such as retaliatory discharge that are inextricably linked to civil rights violations. Plaintiff concedes to dismissing this claim, but asks the court to allow an amendment to assert a retaliation claim under different civil rights statutes. Defendant responds that plaintiff cannot amend his complaint as such because plaintiff did not allege retaliation in his EEOC complaint.

To allege a common law retaliatory discharge claim, a plaintiff must allege that they were (1) discharged, (2) in retaliation for their activities, and (3) that the discharge violates a clearly mandated public policy. *Nelson v. Realty Consulting Servs., Inc.*, 431 F. App'x 502, 506–07 (7th Cir. 2011). Tort

5

claims that are "inextricably linked" to civil rights violations such that "there is no independent basis for the action apart from the Act itself" are preempted by the IHRA. *Jimenez*, 264 F. Supp. 2d at 696. To sufficiently state a common law retaliatory discharge claim, a plaintiff must allege that the discharge violates a policy *other* than the IHRA. Notably, the Seventh Circuit has found that a state law retaliatory discharge claim preempted by the IHRA when a plaintiff argued the discharge violated a public policy against perjury. *Id.* Since plaintiff has not alleged the third element of a common law retaliatory discharge claim and concedes to dismissal, count three of plaintiff's complaint is dismissed without prejudice. Plaintiff may amend his complaint to allege a retaliatory discharge claim if he can allege that the discharge violates some clearly mandated public policy other than the IHRA.

### IV. Motion for More Definite Statement of Counts I and II

Defendant moves for a more definite statement of Counts I and II. Defendant argues that since plaintiff did not respond to the motion for more definite statement, plaintiff has waived objections. Since the Court has dismissed the entirety of Count II, the issue is whether plaintiff waived objection to the motion for more definite statement of Count I. Plaintiff's only mention of the motion for more definite statement is in the request for relief in its response, in which plaintiff asks for "leave to file an amended complaint within 14 days to amend to include additional facts and exhibits as to Defendant's request for a more definitive statement." Dkt. 22, pg. 4. This is not an objection to the motion – on the contrary, it seems to be a concession. The Court agrees that the plaintiff has waived objection and must provide a more definite statement of Count I.

### Conclusion

Based on the foregoing, defendant's motion to partially dismiss with prejudice is granted as to Count I, granted in part and denied in part to Count II, granted as to Count III. Defendant's motion for a more definite statement is granted as to Count I and denied as moot as to Count II.

6

IT IS SO ORDERED.

Date: 1/16/2021                                                Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge