**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ARMEND A. TRNAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 0928 |
| v. ) | |
| ) | Judge Sharon Coleman |
| CHICAGO CUT STEAKHOUSE, LLC ) | |
| ) | Magistrate Judge Maria Valdez |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
<u>RULE 60(b) MOTION TO RECONSIDER</u>**

On January 16, 2021, the Court entered an order, among other things, dismissing Plaintiff's religious harassment claim with prejudice because it was beyond the scope of Plaintiff's Charge of Discrimination (the "Charge" or the "EEOC Charge"). Undeterred by the Court's decision, Plaintiff brings this Motion Pursuant to Rule 60(b) (the "Motion" or the "Motion to Reconsider") arguing that he obtained newly discovered facts showing that the EEOC did not conduct a proper investigation of his Charge, which would have resulted in a finding that Plaintiff alleged religious harassment. Plaintiff's arguments amount to nothing more than relitigating the same issues addressed in the January 16 Order and arguing he obtained new evidence in the EEOC's file when he could have obtained the EEOC file months before the January 16 Order. Plaintiff also makes a number of misstatements arguing the EEOC did not investigate the Charge and that the EEOC had a policy under President Trump not to investigate charges of discrimination. None of Plaintiff's arguments warrant relief from the January 16 Order. The Court properly held that Plaintiff's religious harassment claim was beyond the scope of his EEOC Charge, and it should remain dismissed with prejudice.

I.  **LEGAL STANDARD**

Motions under Fed. R. Civ. P. 60(b) are commonly referred to as "motions to reconsider," but Rule 60 refers to such motions as seeking relief from a judgment orders. The Federal Rules of Procedure do not explicitly provide for "motions to reconsider." Rule 60(b) contains a number of bases for a party to seek relief from an order for specific, enumerated reasons, such as mistake, excusable neglect, newly discovered evidence, and fraud. *See* Fed. R. Civ. P. 60(b)(1)-(5). Plaintiff brings this Motion to Reconsider under the catch-all provision of Rule 60(b)(6), which provides for "any other reason that justifies relief." Relief from a final judgment or order under Rule 60(b) is "…an extraordinary remedy and is granted only in exceptional circumstances." *Montero v. JP Morgan Chase & Co.*, Case No. 14 C 9053, 2016 U.S. Dist. LEXIS 172841, at *6 (N.D. Ill. 2016) (Cox, J.),[1] *citing C.K.S. Engineers v. White Mountain Gypsum*, 726 F.2d 1202, 1204-1205 (7th Cir. 1984). Rule 60(b)(6) is such an extraordinary remedy that courts have held erroneous interpretations of law is not enough. *Scott v. Bender*, 948 F. Supp. 2d 859, 863 (N.D. Ill. 2013) (Castillo, J.), *citing Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). "A Rule 60(b) motion is proper where a court has misunderstood a party or where it has made an error of apprehension, not of reasoning." *Deberry v. Sherman Hosp. Ass'n*, 775 F. Supp. 1159, 1161 (N.D. Ill. 1991) (internal citation omitted).

Another mechanism for a party to seek reconsideration is Rule 59(e), which allows a party to seek to alter or amend a judgment. Motions under Rule 59(e) must be filed within 28 days of entry of the judgment. Plaintiff's motion to reconsider was filed on July 11, 2021, which is more than 28 days of the January 16, 2021. The timing has passed for Plaintiff to seek relief under Rule 59(e); therefore, he can only seek relief under Rule 60(b).

---

[1] Unreported decisions are attached as Exhibit 1.

II. **PLAINTIFF'S MOTION TO RECONSIDER MUST BE DENIED BECAUSE HIS REASONS DO NOT WARRANT RELIEF FROM THE COURT'S ORDER DISMISSING HIS RELIGIOUS HARASSMENT CLAIM**

A. **Plaintiff's Attempts to Relitigate Prior Arguments Are Not Proper in a Motion to Reconsider**

The Court dismissed Plaintiff's religious harassment claim with prejudice finding that it was beyond the scope of his EEOC Charge. Dkt. 28 at 4. The Motion to Reconsider rehashes the same arguments that were already briefed and addressed by the Court in its January 16 Order. In fact, Plaintiff admits in the Motion to Reconsider that the EEOC Charge does not allege religious harassment. *See* Mtn. to Reconsider, Dkt. 49 at ¶ 7. This admission alone warrants denial of the Motion to Reconsider. Nevertheless, Defendant will address Plaintiff's arguments.

Plaintiff argues that he is not responsible for failing to allege religious harassment in the EEOC Charge because he is a layperson, he was not represented by counsel when he filed his EEOC Charge and English is not his primary language. Dkt. 49 ¶¶ 2, 14. The Court already addressed the fact that Plaintiff is a layperson and recognized that plaintiffs are given "considerable leniency" when drafting charges of discrimination. *See* Dkt. 28 at p.3. The Court also recognized that plaintiffs are not required to state every fact in an EEOC Charge, but plaintiffs must allege "*some* facts." *Id*. (emphasis in original). The fact that English is not Plaintiff's primary language does not warrant relief from the January 16 Order. Plaintiff's suggests that his language barrier excuses his failure to allege religious harassment in the EEOC Charge (Dkt. 49 at ¶ 5), but he does not cite any authority to support this argument. Plaintiff also argues that his failure to allege religious harassment in the Charge is because the EEOC and not him completed an unidentified "form" in Group Exhibit B. *See* Dkt. 49-2. Group Exhibit B contains 31 pages of various documents and it is unclear what is the "form" that Plaintiff alleges the EEOC completed for him.

3

Even if Plaintiff identified the "form," it does not change the fact that the EEOC Charge did not allege religious harassment.

Plaintiff also argues that his attorneys obtained the EEOC file after the January 16 Order and unidentified documents in the EEOC file contains newly discovered evidence that warrants reconsideration. This argument fails for two reasons. First, evidence that a party knew or should have known is not newly discovered evidence nor is it a basis to modify a court's ruling. *See e.g., Montero*, 2016 U.S. Dist. LEXIS 172841, at *9-10. At the time that Plaintiff filed his response to Defendant's Motion to Dismiss his religious harassment claim, he would have known the information he claims is "new" (i.e., what he told the EEOC investigator). Moreover, Plaintiff did not seek Plaintiff's EEOC file prior to the January 16 Order even though he could have done so at the time the lawsuit was filed. Instead, he waited until after the January 16 Order dismissing his religious harassment claim. Although not addressed in Rule 60(b)(6), Rule 60(b)(2) allows reconsideration of an order only if new evidence would not have been discovered even if a party exercised reasonable diligence. Plaintiff did not exercise reasonable diligence because he waited over a year to request his EEOC file. Therefore, Plaintiff's newly discovered evidence argue fails. Finally, Plaintiff re-litigates the law regarding how to determine whether a claim is within the scope of an EEOC Charge, but the Court's January 16 Order addressed this issue. *Compare* Dkt. 28 at 4 (the January 16 Order) *with* Dkt. 49 at ¶ 19 (the Motion to Reconsider).

### B. Plaintiff's Arguments That The EEOC Did Not Conduct An Investigation Does Not Justify Relief From The January 16 Order

Plaintiff argues that the Court should reconsider its decision dismissing his religious harassment claim because the EEOC failed to conduct an investigation, which would have shown that Plaintiff alleged religious harassment. *See* Dkt. 49 at ¶¶ 6, 10, 12. Plaintiff argues several

4

reasons that warrant relief from the January 16, 2021 Order. None of these reasons warrant such relief.

As a threshold matter, Plaintiff makes arguments and relies on documents that are all outside the four corners of the EEOC Charge. It is well-settled that the contents of the EEOC Charge is what governs the claims that can be filed in court. In its January 16 Order, the Court recognized that, "…only the facts contained in the EEOC complaint are controlling." Dkt. 28 at p. 4. Plaintiff does not cite to any authority that allows him, or this Court, to consider documents outside the EEOC Charge when determining whether his religious harassment claim is beyond the scope of the EEOC Charge. Therefore, arguments or evidence outside the confines of the Charge should not be considered when ruling on Plaintiff's Motion.

Plaintiff argues that the Court should reverse its dismissal of his religious harassment claim because the EEOC did not conduct an investigation and it was "common policy" for the EEOC not to conduct investigations under President Trump. Dkt. 49 at ¶ 6. These arguments are factually incorrect and, by Plaintiff's own admission, are only made on information and belief. *Id.* Contrary to Plaintiff's assertion, the EEOC investigated his Charge. Plaintiff attached his entire EEOC file as Exhibit A to his Amended Complaint. *See* Dkt. 44-1. The EEOC file contains a number of documents showing the EEOC investigated Plaintiff's Charge, such as an "Analysis of Evidence" memorandum drafted by the EEOC investigator (Dkt. 44-1 at p. 8); notes of a March 15, 2019 interview with Plaintiff (Dkt. 44-1 at p. 9); and an Intake Interview form drafted by the EEOC (Dkt. 44-1 at p. 23). Moreover, Exhibit D to Plaintiff's Motion to Reconsider is the same "Analysis of Evidence" memorandum that he attached to his Amended Complaint. Plaintiff cannot argue that the EEOC did not investigate his Charge based on the documents that he attached to this Motion and to the Amended Complaint. Plaintiff's misstatements that the EEOC did not investigate the

Charge must be rejected. Likewise, Plaintiff misstates that it was the policy under President Trump for the EEOC not to conduct investigations. Plaintiff cites Exhibit C to support this argument. Exhibit C appears to be a collection documents from the ACLU's website providing a "timeline of the Muslim ban," an article about the Muslim ban from a website called "truthout.org," a December 7, 2015 article from MSNBC about then-candidate Trump's position on allowing entry of Muslims into the U.S., and an article from a website called "businessinsurance.com" about why Muslims file Charges of Discrimination. None of the documents in Exhibit C support Plaintiff's argument that the EEOC did not, as a matter of policy, conduct investigations under President Trump. Plaintiff has not presented any evidence that the EEOC failed to follow its normal investigation procedures.

Plaintiff also believes that the EEOC did not properly investigate because it did not issue discovery, interrogatories, and production requests. *Id*. at ¶ 12. He claims that, if the EEOC conducted this type of investigation, it would have "made the connection" that Plaintiff's allegations of discrimination based on his national origin (Kosovo) also meant that he was alleging harassment based on his religion "because Kosovo is a predominately Muslim country." *Id*. at ¶ 10. Plaintiff's argument is speculative and asks this Court to make a considerable leap. Plaintiff also misstates the investigation process at the EEOC. He argues that the EEOC did not issue "discovery" or "interrogatories." The proceedings before the EEOC are administrative in nature, not litigation. The EEOC's investigation involves conducting interviews and obtaining a written response and documents from the respondent (in this case, Defendant). *See* 29 C.F.R. § 1610.15. Aside from misstating the EEOC's investigation process, Plaintiff also misstates that the EEOC did not investigate his Charge. The EEOC file that Plaintiff attached as Group Exhibit A to his Amended Complaint shows that the EEOC investigated the Charge by, among other things,

6

conducting multiple interviews of Plaintiff and obtaining a written response to the Charge and documents from Defendant. *See* Dkt. 41-1 at pp. 9-10, 23-25 and 49-93. At the conclusion of the investigation, the EEOC investigator drafted an "Analysis of the Evidence" memorandum, which Plaintiff attached as Exhibit D to his Motion. *See* Dkt. 49-4.

None of these reasons justify relief from the January 16 Order. Accordingly, Plaintiff's Motion should be denied.

### III. CONCLUSION

Plaintiff has not established any legal or factual basis for the Court to modify the January 16 Order dismissing Plaintiff's religious harassment claim with prejudice. Defendant respectfully requests that the Court deny Plaintiff's Motion Pursuant to Rule 60(b) and award any other relief as the Court deems proper.

Dated: September 7, 2021

Respectfully submitted,

CHICAGO CUT STEAKHOUSE, LLC

By:    /s/ Antonio Caldarone
       One of its Attorneys

Antonio Caldarone
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
acaldarone@lanermuchin.com

**CERTIFICATE OF SERVICE**

I, Antonio Caldarone, an attorney, hereby certify that on September 7, 2021, I caused to be served a copy of the foregoing **Defendant's Response to Plaintiff's Motion Pursuant to Rule 60(b)**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record by operation of the Court's CM/ECF electronic filing system, addressed to:

>Robert A. Holstein
>Allison K. Muth
>Law Offices of Holstein & Muth
>130 North Garland Court, Suite 1906
>Chicago, Illinois 60602
>allison.muth.law@gmail.com

>/s/ Antonio Caldarone

4835-2009-7530.v1-9/7/21