UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMEND A. TRNAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-cv-0928 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| CHICAGO CUT STEAKHOUSE, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of an employment discrimination claim by plaintiff Armend Trnava against defendant Chicago Cut Steakhouse, LLC. Before the Court is plaintiff's FRCP 60(b)(6) motion to reconsider the Court's January 16, 2021 ruling in which it granted in part and denied in part defendant's motion to dismiss.

**I.  Background**

Plaintiff is a 35-year-old Muslim male living in Chicago. Plaintiff was born and raised in Kosovo, but became a United States citizen in 2018. He speaks four languages, including English. In December 2017, Trnava was hired as a manager by the Chief Operating Officer of defendant Chicago Cut Steakhouse. Trnava's alleged starting salary per a formal written offer was $70,000 per year. Trnava began working as a manager around January 2018, but alleges that he was only paid $60,000 per year and was sent to work at Southern Cut, Chicago Cut's sister restaurant, for a few months. Plaintiff complained about the salary discrepancy to the owners of Chicago Cut, Matthew Moore and David Flom. Moore and Flom allegedly agreed that plaintiff's salary was $70,000, but did not explain to him why he was not paid the full salary.

Plaintiff alleges that Chicago Cut's owners and managers encouraged staff at the Chicago location to harass plaintiff on his ethnicity, religion, language, place of national origin, and sexual anatomy. Plaintiff claims that he complained about the harassment to the owners, but the owners did not address his concerns and instead discharged him. On February 17, 2019, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discriminatory conduct. On November 11, 2019, the EEOC dismissed the complaint and issued him a Right to Sue notice. Plaintiff filed this lawsuit in February 2020. The Court then granted in part and denied in part defendant Chicago Cut's motion to dismiss, which plaintiff now moves the Court to reconsider.

## II.     Legal Standard

FRCP 60(b) provides several grounds for relief from a final judgment such as mistake, newly discovered evidence, and fraud. FRCP 60(b)(6) also contains a catch-all clause allowing "for any other reason that justifies relief." FRCP 60(b) provides relief "only in extraordinary situations where a judgment is the inadvertent product of special circumstances and not merely an erroneous application of law." *Jones v. Ramos*, 12 F.4th 745, 749 (7th Cir. 2021).

## III.    Analysis

Plaintiff specifically challenges the Court's dismissal with prejudice of plaintiff's religious harassment claim. Between the Court's order and plaintiff's filing of the motion to reconsider, plaintiff obtained his EEOC file. Plaintiff claims that this file shows that the EEOC did not investigate his claims and that the Court should construe his EEOC complaint liberally because English is his second language.

First, the EEOC file clearly shows that the EEOC investigated plaintiff's claims. An unfavorable finding does not mean a lack of investigation. Further, as the Court has already stated, the relevant question on a motion to dismiss is what facts are contained in the EEOC complaint;

allegations can fall within the scope of the EEOC complaint if they describe the same conduct from the same individuals as the charges in the EEOC complaint. *See Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996). Plaintiff's EEOC complaint is exceedingly brief and provides little facts that the EEOC could investigate. Plaintiff claims that the Court should reconsider because the facts in the EEOC charge "could show the alleged conduct and names of individuals who may have participated in religious harassment." Plaintiff's Motion to Reconsider, Dkt. 49, at 7. The Court disagrees. The EEOC complaint contains *no* factual detail that could show religious harassment. It does not include any specific conduct or names of individuals who committed the harassment. It merely claims "I believe I have been discriminated against because of my national origin, Kosovo, race, White, sex, male, and religion, Muslim…" EEOC Charge of Discrimination, Dkt. 17-1, at 2. The Court noted in its original ruling that plaintiff's EEOC complaint is akin to that in *Rush v. McDonald's Corp*, in which the Seventh Circuit stated that an EEOC complaint must contain "some detail" beyond stating "I believe I have been discriminated against because of my race, Black." 966 F.2d 1104, 1111-12 (7th Cir. 1992). Plaintiff did not address this case and has given the Court no reason to distinguish it.

Second, plaintiff's challenge based on a claimed language barrier is unavailing. Both plaintiff's original and amended complaint state that Trnava is *fluent* in English. *See* Complaint, Dkt. 1, at ¶2; *see also* Amended Complaint, Dkt. 44, at ¶3. Plaintiff cannot also claim that he did not know how to fill out the form because of a language barrier or that the EEOC had to fill the form out for him because of a language barrier. Plaintiff's vague claim "on information and belief" that the EEOC filled out the EEOC complaint is unsupported. Plaintiff cites generally to Exhibit B for support, but the official EEOC complaint is not contained in Exhibit B. Further, plaintiff clearly signed and affirmed the EEOC complaint. EEOC Charge of Discrimination, Dkt. 17-1, at 2.

3

Finally, it is unclear whether plaintiff seeks reconsideration under 60(b)(2), which provides relief for newly discovered evidence. Since plaintiff has not fully developed this argument (to the extent he attempts to even bring this claim given that he only cites 60(b)(6)), it is rejected. *See Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (perfunctory, undeveloped, and unsupported arguments are waived).

### IV.     Conclusion

Plaintiff has not shown that his case is an extraordinary situation justifying relief from the Court's dismissal with prejudice of his religious harassment claim. Plaintiff's motion to reconsider is DENIED [49] and the motion to file instanter is stricken as moot [48].

**IT IS SO ORDERED.**

Date: 12/6/2021                                      Entered: _____
                                                                                 SHARON JOHNSON COLEMAN
                                                                                 United States District Court Judge