IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMEND A. TRNAVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 20 CV 928 |
| | ) | |
| CHICAGO CUT STEAKHOUSE, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT IN RESPONSE TO DEFENDANTS MOTION TO DISMISS COUNTS III AND IV OF THE AMENDED COMPLAINT, DISMISS FOUR NEW DEFENDNANTS, TO STRIKE EXHIBIT A**

NOW COME plaintiff, ARMEND A. TRNAVA, by and through his undersigned counsel, responds to the Defendant's Motion to Dismiss Counts III and IV of the Amended Complaint, Dismiss Four New Defendants, to Strike Exhibit A by respectfully requesting that this Honorable grant the Plaintiff leave to file his Second Amended complaint.  In support thereof, the Plaintiff states as follows:

1. That the Plaintiff filed his original complaint before this Honorable Court on February 9, 2020.

2. The Defendant partially answered the original complaint and filed a motion to partially dismiss on July 24, 2020.  Plaintiff responded to the Defendant's Motion to partially dismiss on September 4, 2020.  This Honorable Court ruled on the Defendant's motion to dismiss, dismissing the Plaintiff's claim for religious harassment.

3. That the Plaintiff then filed his First Amended Complaint on May 25, 2021.

4. That in July, 2021, Plaintiff received a phone call from his prior manager, Robert McGuire, who stated to Plaintiff that he had information regarding his case and his termination with the Defendant, Chicago Cut.

5. That in the meantime, the parties litigated the motion for reconsideration, and therefore as a result of this Honorable Court's order on the Plaintiff's motion for reconsideration, Plaintiff re-filed his First amended complaint on February 3, 2022, curing the deficiencies as ordered by this Court.

6. That since the filing of the first Amended complaint, new facts have been brought to the attention of the plaintiff, and as Plaintiff's counsel further investigated, the Plaintiff now believes he has a valid allegation of fraud to be added to the complaint.

7. "The general rule is to freely permit plaintiffs to amend their complaint 'once as a matter of course.' " *Arlin-Golf, LLC v. Village of Arlington Heights* , 631 F.3d 818, 823 (7th Cir. 2011), quoting Fed. R. Civ. P. 15(a). The need for the generally "liberal amendment standard remains in the face of uncertain pleading standards after Twombly and Iqbal . " "*Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana* , 786 F.3d 510, 524 (7th Cir. 2015)." *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122 (7th Cir. 2022). Runnion , 786 F.3d at 523. *Law Offices of David Freydin, P.C. v. Chamara,* 24 F.4th 1122 (7th Cir. 2022).

8. This general rule has its limits. District courts "may deny leave to amend ... where there is a good reason to do so," such as "futility, undue delay, prejudice, or bad faith." *R3 Composites Corp. v. G&S Sales Corp.* , 960 F.3d 935, 946 (7th Cir. 2020). Plaintiffs reason for

his filing of a second amended complaint is not futile, will not cause ndue delay, prejudice not bath faith. L*aw Offices of David Freydin, P.C. v. Chamara,* 24 F.4th 1122 (7th Cir. 2022).

9. The Court also considers whether the denial of leave to amend caused prejudice to the appellant. Showing prejudice ordinarily requires a party to show how she would have amended her pleading. The Court expects that showing to be made at an early opportunity—inE.g., *Webb v. Frawley* , 906 F.3d 569, 582–83 (7th Cir. 2018) Failing to include an amended pleading, for example, " 'may indicate a lack of diligence and good faith.' " *Otto v. Variable Annuity Life Insurance Co.* , 814 F.2d 1127, 1139 (7th Cir. 1986). Delay also makes it difficult to "meaningfully assess whether [the plaintiff's] proposed amendment would have cured the deficiencies in the original pleading." *Crestview Village Apartments v. U.S. Dep't of Housing & Urban Development* , 383 F.3d 552, 558 (7th Cir. 2004), *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122 (7th Cir. 2022).

10. After the filing of the first amended complaint, plaintiff received an unsolicited, voluntary phone call from a former employee who worked with the Plaintiff in management during the Plaintiff's employment at Chicago Cut Steakhouse. Plaintiff received knowledge of additional relevant facts that were unknown to him prior to the filing of the first amended complaint. As a result of further investigation by Plaintiff and his counsel, it became apparent that the Plaintiff has a valid claim common law fraud, and a restructured complaint would best serve the Court and the parties in clearing up the discrepancies in Plaintiff's complaint.

11. The addition of a new cause of action of fraud and restructuring of Plaintiff's complaint, sufficiently answers and cures the deficiencies raised by the Defendant in its Motion to Dismiss. Particularly, the second amended complaint omits the causes of action for "willful

3

and wanton conduct' and "retaliation", and sets forth more detailed facts to support Plainitff's cause of action for fraud and discrimination, and hostile work environment. All of which were issues brought forth by the defendant in its Motions to Dismiss. The Plaintiff also concedes to striking the Plaintiff's entire EEOC file.

12. There will be no prejudice to the Defendant by the Plaintiff's filing of a second amended complaint. In fact, as discussed above, the second amended complaint will sufficiently cure the defects alleged by the defendant in its Motion to Dismiss.

13. The new information obtained by the plaintiff for the most part has been included within this second amended complaint and has been qualified by plaintiff's counsel.

WHEREFORE, Plaintiff, ARMEND A. TRNAVA, by and through his undersigned counsel, respectfully request this Honorable Court the following relief:

a. That this Honorable court dismiss Count III without prejudice, and grant leave for plaintiff to amend his complaint to add additional causes of actions of fraud and the state claim for the Illinois Whistleblower Act, 740 ILCS 174, and to withdraw the cause of action of retaliation and willful and wanton conduct.

b. And for such other relief as this Honorable Court deems equitable and just.

Respectfully Submitted,

   s/ *Robert A. Holstein*
Attorney for Plaintiff

Robert A. Holstein
Holstein & Muth, LLC
130 N. Garland Court, Suite 1906
Chicago, Illinois 60602

(312) 906-8000
Allison.muth.law@gmail.com

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing Response to Defendant's Motion to Partially Dismiss Counts I-II and for a More Definitive Statement as to Counts I and III, was filed this 28th day of May 2022 via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

                                                         s/Robert A. Holstein