# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMEND A. TRNAVA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20 C 928 |
| ) | |
| CHICAGO CUT STEAKHOUSE, LLC, an ) | Judge Sharon Coleman |
| Illinois Limited Liability Company, ) | |
| ) | Magistrate Judge Maria Valdez |
| CHICAGO RESTAURANT MANAGEMENT ) | |
| LLC, an Illinois Limited Liability Company, ) | |
| ) | |
| THE LOCAL LLC, an Illinois Limited Liability ) | |
| Company, d/b/a SOUTHERN CUT ) | |
| BARBECUE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FOURTH AMENDED COMPLAINT

Defendants, Chicago Cut Steakhouse, LLC and The Local LLC ("Defendants")[1], answer the Fourth Amended Complaint filed by Plaintiff Armend A. Trnava ("Plaintiff"), and state as follows:

**PARAGRAPH NO. 1:**

The Plaintiff, ARMEND TRNAVA, is a 37 year old male who resides in Chicago, Illinois.

**ANSWER:** Defendants admit that Plaintiff is male and that he is currently 37 years of age. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiff is currently a resident of Chicago, Illinois. Defendants deny the remaining allegations in Paragraph 1.

---

[1] On July 25, 2022, the Court dismissed Chicago Restaurant Management, LLC. Dkt. 86. Therefore, only Chicago Cut Steakhouse, LLC and The Local, LLC answer the Fourth Amended Complaint.

**PARAGRAPH NO. 2:**

The plaintiff, an immigrant, was born and raised in the eastern European country of Kosovo.

**ANSWER:** Defendants admit that Plaintiff has represented that he is an immigrant from Kosovo and that Kosovo is a country in Eastern Europe, but Defendants lack knowledge or information sufficient to form a belief in those allegations.

**PARAGRAPH NO. 3:**

Mr. Trnava speaks and writes five different languages fluently. Although he is "fluent" in English, his English pronunciation, writing skills, grammar and spelling are at [sic] not perfected, and he speaks with a heavy eastern European accent.

**ANSWER:** Defendants admit that Plaintiff speaks English and has an accent. Defendants lack knowledge or information sufficient to form a belief about the truth regarding the remaining allegations in Paragraph 3.

**PARAGRAPH NO. 4:**

The plaintiff was employed by the Defendant's company for nearly eight months, beginning in March of 2018 through October 2018 (although he had previously been employed once before by Defendants). The Defendants, along with their shareholders, own and operate high-end restaurants in Chicago, Illinois, most notably, its steakhouse, ("Chicago Cut"), and previously, its barbeque restaurant, ("Southern Cut").

**ANSWER:** Defendants admit that Chicago Cut Steakhouse, LLC employed Plaintiff from March 13, 2018 to September 14, 2018, he worked at both Chicago Cut Steakhouse and Southern Cut, and Chicago Cut Steakhouse is a high-end restaurant. Defendants deny the remaining allegations in Paragraph 4.

**PARAGRAPH NO. 5:**

The Plaintiff was employed as a front of house restaurant manager (who manages the service staff) for a period of almost eight months by the Defendants beginning in March of 2018 and was terminated in October of 2018.

**ANSWER:** Defendants admit that Chicago Cut Steakhouse, LLC employed Plaintiff as a Manager from March 13, 2018 to September 14, 2018 and that he was responsible for, among

other things, managing dining room employees. Defendants deny the remaining allegations in Paragraph 5.

**PARAGRAPH NO. 6:**

The Defendant, CHICAGO CUT STEAKHOUSE, LLC, is an Illinois Limited Liability Company based out of Chicago, Illinois. It operates as high-end restaurant (steakhouse) in Chicago and has more than 15 employees.

**ANSWER:** Defendants admit the allegations in Paragraph 6.

**PARAGRAPH NO. 7:**

The Defendants' restaurant, CHICAGO CUT, employs over 200 staff members, and grosses over $15 million per year.

**ANSWER:** Defendants deny the allegations in Paragraph 7.

**PARAGRAPH NO. 8:**

The restaurants are divided into the dining room and kitchen operations. Restaurant managers are responsible for the front of the house, supervising servers, bussers, hosts and bartenders, and for interacting with guests to ensure a superb dining experience. Success in the restaurant industry is based, in part, in maintaining good relationships with guests to obtain repeat business and for guests to make positive recommendations to others. They are both managed by the Chief Operating Officers of Chicago Cut Steakhouse and Southern Cut Barbecue, Matthew Moore and David Flom.

**ANSWER:** Defendants admit that Paragraph 8 describes some, but not all, of the operations of Chicago Cut Steakhouse and some duties of its managers, and Defendants admit that Matthew Moore and David Flom are responsible for Defendants' operations. Defendants deny that Southern Cut is currently in operation, and deny the remaining allegations in Paragraph 8.

**PARAGRAPH NO. 9:**

The defendant hired the plaintiff to manage the front of house staff for the DEFENDANTS' barbecue restaurant, known as "SOUTHERN CUT" on or about December of 2017. The Plaintiff began actually working for defendants, but assigned to the defendant's other restaurant, a high-end steakhouse known as "CHICAGO CUT" on or about March, 2018. the plaintiff remained there until October of 2018 as a manager of the restaurant. Although he was hired as general manager

of SOUTHERN CUT, he ended up instead being one of the general managers for the Defendant" [sic] CHICAGO CUT STEAKHOUSE.

**ANSWER:** Defendants admit that Plaintiff was employed from March 13, 2018 to September 14, 2018 and that, during that time, Plaintiff was initially a Manager at Southern Cut Barbeque and subsequently was assigned to be a Manager at Chicago Cut Steakhouse. Defendants deny the remaining allegations in Paragraph 9.

**PARAGRAPH NO. 11: [SIC]**

Defendant THE LOCAL, LLC is an Illinois limited liability company doing business as SOUTHERN CUT BARBECUE, a restaurant located in Chicago, Illinois. The plaintiff was initially hired by SOUTHERN CUT BARBECUE on or about March 9, 2021 [sic] as general manager. However, he began training at CHICAGO CUT STEAKHOUSE with a promise to be transferred to Defendants' sister restaurant, SOUTHERN CUT BARBECUE as the general manager. He was not transferred until approximately 2-3 months, and then transferred once again back to CHICAGO CUT STEAKHOUSE. The plaintiff experienced discrimination and disparate and harassing treatment while working at both the restaurants from March 2018 to October 19, 2018 when he was terminated by the Defendants.

**ANSWER:** Defendants admit that Plaintiff worked at The Local, LLC d/b/a Southern Cut Barbeque for a short period of time in 2018 as its General Manager. Defendants deny that Southern Cut is still in operation, and deny the remaining allegations in Paragraph 11.

4

**PARAGRAPH NO. 12: [SIC]²**

**PARAGRAPH NO. 13:**

This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000-e et seq for discrimination based on national origin and religion.

**ANSWER:** Defendants admit that Plaintiff alleges discrimination because of his national origin and religion under Title VII of the Civil Rights Act of 1964, but deny any basis for the allegation. Defendants deny the remaining allegations in Paragraph 13.

**PARAGRAPH NO. 14:**

Jurisdiction is based on Federal question pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendants admit the allegations in Paragraph 14.

**PARAGRAPH NO. 15:**

Venue is proper pursuant to 28 U.S.C. § 1391(B), as at all times herein both the Plaintiff and Defendants reside or resided in this district and that all events given [sic] rise to Plaintiff's claim herein occurred within this district.

**ANSWER:** Defendants admit that venue is proper in this District because Defendants operate or operated businesses here and Plaintiff was employed here and reported his residence here. Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's residence and deny the remaining allegations in Paragraph 15.

**PARAGRAPH NO. 16:**

The plaintiff filed a discrimination charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), regarding the defendant's alleged discriminatory conduct on February 17, 2019, Charge No. 440-2019-02760.

**ANSWER:** Defendants admit that Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge No. 440-2019-02760, on February 27,

---

² Paragraph 12 of the Fourth Amended Complaint is blank.

2019, but deny any suggestion that there was a basis for the Charge. Defendants deny the remaining allegations in Paragraph 16.

**PARAGRAPH NO. 17:**

On November 11, 2019 the plaintiff received a dismissal and Right to Sue notice from the EEOC given 90 days to file a lawsuit with this Court. The effect was that of a non-decision as to the allegations of facts, circumstances, law or remedy for either party. See Ex. A.

**ANSWER:** Defendants admit that the EEOC issued a Right-to-Sue Notice but lack knowledge or information sufficient to form a belief about the truth of the allegation of when Plaintiff received the Right-to-Sue Notice. Defendants admit that Plaintiff was required to file his original lawsuit no later than 90 days after receipt of the Right-to-Sue. Defendants deny the remaining allegations in Paragraph 17.

**PARAGRAPH NO. 18:**

Plaintiff has exhausted all administrative remedies.

**ANSWER:** Defendants admit that, prior to filing this lawsuit, Plaintiff filed a Charge of Discrimination alleging discrimination because of his race, sex and religion, and harassment based on his national origin and sex. Defendants also admit that Plaintiff received a Notice-of-Right to Sue prior to filing this lawsuit. Defendants deny the remaining allegations in Paragraph 18.

**PARAGRAPH NO. 19:**

Additionally, on April 20, 2021, after numerous FOIA request [sic] and subpoena, Plaintiff's counsel received the entire EEOC file for this matter.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

**PARAGRAPH NO. 20:**

Plaintiff, Armend Trnava, is an Islamic Muslim with national origin from that of the Eastern European country of Kosovo.

**ANSWER:** Defendants admit that Plaintiff claims that he is a Muslim and from Kosovo, and that Kosovo is a country in Eastern Europe, but Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants deny the remaining allegations in Paragraph 20.

**PARAGRAPH NO. 21:**

His [sic] is an experienced professional in the restaurant industry, both in the United States as well as in Europe.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

**PARAGRAPH NO. 22:**

Mr. Trnava became a U.S. citizen in 2018, during the period in which he was employed by the defendant company.

**ANSWER:** Defendants admit that Chicago Cut Steakhouse, LLC employed Plaintiff from March 13, 2018 to September 14, 2018. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations that Plaintiff became a U.S. citizen in 2018. Defendants deny the remaining allegations in Paragraph 22.

**PARAGRAPH NO. 23:**

On or about March 9, 2018, the Plaintiff was offered the position of General Manager of the Chicago Cut Steakhouse, located in Chicago, Illinois by Its managing partners, David Flom (Male, White, Presbyterian, U.S. citizen), and Michael Moore (Male, white, Catholic, Ireland). Flom and Moore run the day-to-day operations of the restaurant, including hiring, firing and supervising managers. He was given a formal offer in writing for the position with a starting salary of $70,000, plus bonuses per year.

**ANSWER:** Defendants admit that David Flom is a male, White, Presbyterian, and a U.S. Citizen. Defendants admit that Matthew Moore is male, White, Catholic and from Ireland.

Defendants admit that David Flom and Matthew Moore are responsible for running the day-to-day operations of Chicago Cut Steakhouse, including hiring, firing and supervising managers. Defendants admit that Plaintiff received an offer letter that stated a starting salary of $70,000. Defendants deny the remaining allegations in Paragraph 23.

**PARAGRAPH NO. 24:**

The position was also contingent upon his demonstrating his standing as a non-citizen to work. At that time, he had a permanent green card, and his application for U.S. citizenship was pending before the United States Citizenship and Immigration Services.

**ANSWER:** Defendants admit that Plaintiff was required by law to show proof of his eligibility to work in the U.S. as a condition of employment, and that he did show proof of his eligibility to work in the U.S. Defendants lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in Paragraph 24.

**PARAGRAPH NO. 25:**

As part of the offer, the defendants informed Mr. Trnava that he would begin his employment at its sister restaurant, Chicago Cut Steakhouse, also located in Chicago, Illinois, for approximately 2-3weeks and then be transferred to Chicago Cut Steakhouse. [sic] Trnava accepted the offer for the position an began employment as front of house manager with Chicago Cut Steakhouse on or about March 9, 2018.

**ANSWER:** Defendants admit that Plaintiff was a Manager at Chicago Cut Steakhouse at its location in Chicago, Illinois. Defendants deny the remaining allegations in Paragraph 25.

**PARAGRAPH NO. 26:**

Despite the terms of the offer of employment, Mr. Trnava was only paid $60,000.00 per year, $10,000.00 less than the agreed upon salary. He also was delegated to remain at Chicago Cut Steakhouse for 2-3 months, rather than the 2-3 weeks as promised, and then was transferred back to Chicago Cut Steakhouse for the remainder of the time in which he was employed.

**ANSWER:** Defendants deny the allegations in Paragraph 26.

**PARAGRAPH NO. 27:**

As of the first week of his employment, a group of employees ganged up on Mr. Trnava, calling him racial slurs, making jokes about his national origin. He endured numerous acts of sexual and national based harassment, as evidenced in his Charge of Discrimination to the EEOC.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 because Plaintiff never reported any of the alleged comments. Defendants deny the remaining allegations in Paragraph 27.

**PARAGRAPH NO. 28:**

That on numerous occasions thereafter, the staff members of both Chicago Cut Steakhouse and Southern Cut Barbecue, who were subordinates to the Plaintiff in which the Plaintiff was employed to manage, continuously carried out with discriminatory and harassing conduct, primarily based on the plaintiff's national origin, that being from Kosovo. They would constantly call him names, and say things to him like, "stinky European," and "Eastern Europeans have small penises," and make fun of his accent, his immigration status, and make other derogatory sexual comments and gestures about him based on his national origin. They would also laugh at him about his accent, his being a Muslim, and became completely insubordinate to his orders as manager.

**ANSWER:** Defendants deny the allegations in Paragraph 28.

**PARAGRAPH NO. 29:**

The comments and gestures were unwelcomed and humiliating to the Plaintiff. When the plaintiff would address the issue with the staff members and ask them to stop, he would be even more humiliated, as they would laugh at him and make the conduct worse. The unwelcomed comments and gestures were not just an infrequent utterances or epithets. The conduct was so frequent that it would occur on a daily basis, and humiliated the Plaintiff, as the Plaintiff was trying to run the front of the house of the restaurant as its general manager. As a result, the staff he was managing would not take him seriously or follow his commands, and there were incidences in which the staff would say these comments to him in front of guests of the restaurant. The staff continued to constantly undermine the plaintiff, thereby interfering with ability to perform his job as manager of the restaurants productively and made the environment unbearable for the Plaintiff, causing extreme distress for the Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 29.

**PARAGRAPH NO. 30:**

The unwelcome comments and gestures were not just an infrequent utterances or epithets. It was humiliating, as the Plaintiff was trying to run the front of the house of the restaurant and the staff no longer took him serious. The staff continued to undermine Armend and constantly make fun of him, thus interfering with ability to perform his job as manager productively. As a result,

the staff he was managing would not take him seriously or follow his commands, and there were incidences in which the staff would say these comments to him in front of guests of the restaurant. The staff continued to constantly undermine the plaintiff, thereby interfering with ability to perform his job as manager of the restaurants productively and made the environment unbearable for the Plaintiff, causing extreme distress for the Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 30.

**PARAGRAPH NO. 31:**

The Plaintiff made numerous reports and complaints, both verbally and in writing, to the restaurants' managing partners, David Flom and Michael Moore, regarding harassing and discriminatory conduct, insubordination, intimidation, and directed vulgar acts towards him by members of the staff. The managing partners refused to address the behaviors and made no attempts to remedy the situation. Therefore, the discrimination and harassment continued on a near daily basis from March 2018 to September 14, 2018 when he was terminated.

**ANSWER:** Defendants deny the allegations in this Paragraph 31.

**PARAGRAPH NO. 32:**

Not only did the employees harass and discriminate against the Plaintiff based on his national origin, but the managing partners also acted with blatant intentional discrimination and hostile conduct towards the Plaintiff. They too would make fun of his national origin and use derogatory and abusive language toward him that they did not use towards those who were from the United states. For example, on August 14, 2021, the Plaintiff was to be sworn in as U.S. citizen. Prior to that date, The Plaintiff informed Mr. Moore that he may be late to work on August 14, 2021 due to the swearing in ceremony. Mr. Moore replied to him, simply, "Fuck you."

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the allegation that Plaintiff was to be sworn in as a U.S. citizen on August 14, 2021. Defendants deny the remaining allegations in Paragraph 32.

**PARAGRAPH NO. 33:**

The managing partners, on information and belief, had knowledge and belief of the illegal discrimination and harassment endured by the plaintiff, intentionally and blatantly disregarded addressing the staff or to make any remedy the issue despite the numerous complaints the plaintiff made to them. Further, instead of remedying or addressing the situation, the managing partners, took on an active role of creating a false, non-discriminatory reasons to have Mr. Trnava terminated. On information and belief, the managing partners forced at least one other manager to write up a fake misconduct reports of that of Mr. Trnava, with all knowledge that it was false.

**ANSWER:** Defendants deny the allegations in Paragraph 33.

**PARAGRAPH NO. 34:**

On information and belief, the defendants, knowing of the illegality of their conduct and the conduct of its employees, created pretextual allegations of wrongful conduct by the plaintiff with intention of creating false complaints of unprofessionalism. The purpose of which was to create a non-discriminatory reason for his termination.

**ANSWER:** Defendants deny the allegations in Paragraph 34.

**PARAGRAPH NO. 35:**

The constant and continuous behaviors created a very hostile work environment for Mr. Trnava. Even when he complained to the managing partners, they too would make fun of him and use derogatory and abusive language towards him.

**ANSWER:** Defendants deny the allegations in Paragraph 35.

**PARAGRAPH NO. 36:**

The conduct became so unfathomable and pervasive to the point that on information and belief, the managing partners would ask for other managers, such as Robert McGuire, to support false accusations of misconduct. They would falsify complaints from customers about the Plaintiff's conduct, so that Mr. Trnava would be reprimanded. This happened on at least two known occasions. He was suspended as a result in August of 2018, and in October of 2018, for a false complaints [sic] against him, and again in October of 2018, leading to him [sic] termination from the restaurant on October 19, 2018.

**ANSWER:** Defendants admit that Plaintiff was discharged on September 14, 2018.

Defendants deny the remaining allegations in Paragraph 36.

**PARAGRAPH NO. 37:**

The managing partners were intentionally and blatantly disregarding the Plaintiff's complaints of the harassing conduct and verbal assaults of the staff. The managing partners made no attempts to address the staff, nor to make any attempt to remedy the issue despite the numerous complaints the plaintiff made to them. On information and belief, the managing partners encouraged this behavior in hopes that the plaintiff would resign.

**ANSWER:** Defendants deny the allegations in Paragraph 37.

**PARAGRAPH NO. 38:**

The acts were so frequent as to create a hostile work environment. For Mr. Trnava, and ultimately his being terminated from his employment of his being born and raised in Kosovo, was the cause of his wrongful and retaliatory discharge.

**ANSWER:** Defendants deny the allegations in Paragraph 38.

**PARAGRAPH NO. 39:**

That as a result of his discharge, he suffered an adverse employment action of termination from that of other similarly situated employees.

**ANSWER:** Defendants deny the allegations in Paragraph 39.

**PARAGRAPH NO. 40:**

The creation, sponsoring and targeting the Plaintiff with wrongful conduct towards patrons and co-workers, including targeting the Plaintiff by falsely accusing him of improper conduct toward patrons and coworking including. On information and belief, the "customer" who complained about the plaintiff, were actually friends with the managing partners friends and asked to write up a complaint about the plaintiff. Thus said email, holds the Plaintiff guilty of wrongful conduct toward a wife or child of the customer, but in actuality, the situation never occurred and on information and belief was set up beforehand between the customer and the individual manager.

**ANSWER:** Defendants deny the allegations in Paragraph 40.

**PARAGRAPH NO. 41:**

Another incident was on the day before the Plaintiff was scheduled to appear in this Court house [sic] the next morning for him to be sworn in by a member of this Court as an American citizen. Plaintiff informed one of the owner managers that he would probably be late for work and asked if it would be ok, since he was to be sworn in as a citizen. The response to him from Mr. Moore without hesitation was "Fuck You."

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about

the date that Plaintiff was scheduled to appear for him to be sworn in by a member of this Court

as an American citizen. Defendants deny the remaining allegations in Paragraph 41.

**PARAGRAPH NO. 42:**

That all times herein, Defendants had knowledge of the surrounding circumstances and conditions, and that its conduct would naturally and probably result in injury.

**ANSWER:** Defendants deny the allegations in Paragraph 42.

**PARAGRAPH NO. 43:**

That at all times herein, the conduct of the Defendants and their actions and deliberate inactions in not addressing the reports of national origin harassment by the staf [sic] towards the plaintiff, were intentional, made with reckless disregard, with willful and wanton conduct. The conduct of the Defendants proximately caused injury to the Plaintiff.

**ANSWER:** Defendants deny the allegations in Paragraph 43.

12

**PARAGRAPH NO. 44:**

That as a result of the hostile work environment, the Plaintiff suffered damages.

**ANSWER:** Defendants deny the allegations in Paragraph 44.

**PARAGRAPH NO. 45:**

That the Plaintiff suffered from disparate treatment and suffered an adverse employment action, that of being terminated, based on his national origin,

**ANSWER:** Defendants deny the allegations in Paragraph 45.

**COUNT I-VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

**PARAGRAPH NO. 46:**

Plaintiff realleges paragraphs 1-45 as fully pleaded herein.

**ANSWER:** Defendants restate and incorporate by reference their answers to Paragraphs 1 through 43 as their answer to Paragraph 46.

**PARAGRAPH NO. 47:**

Plaintiff is in a protected class as he is genetically a part of an ethnically and native country of origin of a distinctive group, that being from the country of Kosovo.

**ANSWER:** Defendants admit that Plaintiff alleges his is from Kosovo but lack knowledge or information sufficient to form a belief as to the truth of the allegation. Defendants deny the remaining allegations in Paragraph 47.

**PARAGRAPH NO. 48:**

The plaintiff was denied an equal employment opportunity because of his ancestor's, place of origin; and because he has the physical, cultural, or characteristics of a Kosovo national origin group.

**ANSWER:** Defendants deny the allegations in Paragraph 48.

**PARAGRAPH NO. 49:**

The plaintiff was denied equal opportunity because of his religious practices and Islamic beliefs, and the extreme prejudice of its owners, managers, and employees.

**ANSWER:** Defendants deny the allegations in Paragraph 49.

13

**PARAGRAPH NO. 50:**

Defendant is a covered employer under 42 U.S.C. § 2000e(b) as it is a limited liability company is a "person" under the Act, as Chicago Cut Steakhouse, LLC is an employer of at least 15 people for employees for each working day for 20 or more calendar weeks in the current or preceding calendar year.

**ANSWER:** Defendants admit that Chicago Cut Steakhouse, LLC is a limited liability company and an employer as defined by Title VII of the Civil Rights Act of 1964. Defendants deny the remaining allegations in Paragraph 50.

**PARAGRAPH NO. 51:**

The inappropriate and unwelcome comments and gestures and insubordination toward the plaintiff relating to his sex and Kosovan national origin created a hostile work environment by which the terms and conditions of employment different for members of a protected class and similarly situated member who were not members of a protected class. Defendant's failure to correct the behavior of their staff amounted to a condonation, ratification, approval, and perpetuation of the hostile work environment.

**ANSWER:** Defendants deny the allegations in Paragraph 51.

**PARAGRAPH NO. 52:**

As a result of the continuous intentional harassment based of national origin received by the plaintiff, and the defendant's refusal to take any action to prevent or control it, was so severe and pervasive as to alter the conditions of his employment and create an abusive working environment.

**ANSWER:** Defendants deny the allegations in Paragraph 52.

**PARAGRAPH NO. 53:**

By creating, condoning, a perpetuating a hostile work environment based on Mr. Trnava's national origin, Defendant has intentionally and with reckless indifferences and disregard violated Title VII of the Civil Rights Act of 1991.

**ANSWER:** Defendants deny the allegations in Paragraph 53.

**PARAGRAPH NO. 54:**

Defendant's condonation, ratification, approval and perpetuation of the hostile work environment caused the plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 54.

**PARAGRAPH NO. 55:**

As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** Defendants deny the allegations in Paragraph 55.

**PARAGRAPH NO. 56:**

Following the time that Plaintiff openly and in writing, complained of being discriminated against on the basis of national origin and religion and subject to sexual harassment, Defendant terminated the plaintiff's employment on October 19, 2018.

**ANSWER:** Defendants deny the allegations in Paragraph 56.

**PARAGRAPH NO. 57:**

By retaliating against Plaintiff, Defendant has intentionally and with reckless indifference and disregard violated Title VII of the Civil Rights Act of 1991.

**ANSWER:** Defendants deny the allegations in Paragraph 57.

**PARAGRAPH NO. 58:**

As a direct and proximate result of the wrongful conduct of the defendant, the plaintiff has suffered loss of income, severe humiliation, embarrassment, degradation, emotional distress and mental anguish, attorneys [sic] fees, loss of enjoyment of life, pain, suffering and injury to his professional reputation, as well as other non-pecuniary damages.

**ANSWER:** Defendants deny the allegations in Paragraph 58.

## COUNT II-HOSTILE WORK ENVIORMENT-NATIONAL ORIGIN BASED DISCRIMINATION

**PARAGRAPH NO. 59:**

Plaintiff realleges and repleads Paragraphs 1-58 as though fully set forth herein.

**ANSWER:** Defendants restate and incorporate by reference their answers to Paragraphs 1 through 58 as their answer to Paragraph 59.

**PARAGRAPH NO. 60:**

The inappropriate and unwelcome comments and gestures toward the plaintiff relating to his national origin, created a hostile work environment by which the terms and conditions of employment different for members of a protected class and similarly situated members who were not of a protected class. Defendant's failure to correct the discriminatory and harassing behavior amounted to a condonation, ratification, approval, and perpetuation of the hostile work environment.

**ANSWER:** Defendants deny the allegations in Paragraph 60.

**PARAGRAPH NO. 61:**

By creating, condoning, a perpetuating a hostile work environment based on Mr. Trnava's national origin, Defendant has intentionally and with reckless indifferences and disregard violated Title VII of the Civil Rights Act of 1991.

**ANSWER:** Defendants deny the allegations in Paragraph 61.

**PARAGRAPH NO. 62:**

Defendant's condonation, ratification, approval and perpetuation of the hostile work environment caused the plaintiff to suffer humiliation, embarrassment, degradation, and emotional distress.

**ANSWER:** Defendants deny the allegations in Paragraph 62.

**PARAGRAPH NO. 63:**

As a result of the intentional acts complained of herein, Plaintiff has suffered and will continue to suffer the loss of employment with Defendant and the loss of salary, benefits, and other compensation which such employment entails, and Plaintiff has also suffered pecuniary losses, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

**ANSWER:** Defendants deny the allegations in Paragraph 63.

## COUNT V [SIC] – INTENTIONAL BREACH OF CONTRACT

**PARAGRAPH NO. 64:**

Plaintiff repleads paragraphs 1-79 [sic] as though fully pleaded herein.

**ANSWER:** Defendants restate and incorporate by reference their answers to Paragraphs 1 through 63 as their answer to Paragraph 64.

**PARAGRAPH NO. 65:**

On December 14, 2017, the defendant and the plaintiff entered into an employment contract with a meeting of the minds, as to the plaintiff's employment, setting forth duties, location, and salary with the defendant.

**ANSWER:** Defendants deny the allegations in Paragraph 65.

**PARAGRAPH NO. 66:**

The Defendant intentionally violated the agreed terms of the contract by paying the plaintiff less than the written, agreed amount.

**ANSWER:** Defendants deny the allegations in Paragraph 66.

**PARAGRAPH NO. 67:**

As a proximate result of the defendants' actions, the plaintiff suffered monetary damages including income and employee benefits. See Exhibit 6.

**ANSWER:** Defendants deny the allegations in Paragraph 67.

## AFFIRMATIVE AND OTHER DEFENSES

1. Defendants exercised reasonable care to prevent and correct promptly any allegedly harassing behavior, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

2. With respect to claims for monetary relief, to the extent that Plaintiff were to recover any damages, Defendants are entitled to a set-off from any liability for sums earned by Plaintiff since his discharge.

3. Plaintiff is obligated to mitigate his alleged damages with respect to claims for monetary relief. Those claims should be barred or, in the alternative, reduced if Plaintiff has failed to mitigate his damages.

4. Defendants are not subject to liability for punitive damages because the alleged acts and omissions do not rise to the level required to sustain an award for punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiff his protected rights, are not so wanton and willful as to support an award for punitive damages, and do not otherwise entitle him to punitive damages.

WHEREFORE, Defendants, Chicago Cut Steakhouse, LLC, Chicago Restaurant Management, LLC and The Local LLC, respectfully requests that the Court dismiss Plaintiff's Fourth Amended Complaint with prejudice and award Defendants the attorneys' fees and costs reasonably incurred in defending against this action, and grant such further and additional relief as the Court finds just and proper.

Dated: September 26, 2022

Respectfully submitted,

CHICAGO CUT STEAKHOUSE, LLC and
THE LOCAL, LLC

By: ___/s/Antonio Caldarone___
One of Their Attorneys

Antonio Caldarone
Elizabeth Rice
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654
(312) 467-9800
(312) 467-9479 (fax)
acaldarone@lanermuchin.com
erice@lanermuchin.com

18

**CERTIFICATE OF SERVICE**

I, Antonio Caldarone, an attorney, hereby certify that on September 26, 2022, I caused to be served a copy of the foregoing **Defendants' Answer and Affirmative Defenses to Plaintiff's Fourth Amended Complaint**, in the above-captioned matter to be filed with the Clerk of the District Court and served on the parties of record, including those listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

> Allison K. Muth
> Robert A. Holstein
> Holstein & Muth, LLC
> 130 North Garland Court, Suite 1906
> Chicago, Illinois 60602
> holsteinrobert3@gmail.com
> allison.muth.law@gmail.com

/s/Antonio Caldarone